## BRYAN MALLEN *vs.* ROYAL B. BOYNTON.

Middlesex.    Jan. 10. — March 3, 1882.    LORD, FIELD & C. ALLEN, JJ., absent.

In an action against a physician and surgeon practising his profession in a small country town, for not properly treating the plaintiff's broken arm, the judge instructed the jury as follows : " If the defendant, at any time during his attendance upon the plaintiff, either at the time of the original injury or afterwards, was uncertain and in doubt as to the extent or nature of the injury, or any injury which he was attending upon, the defendant was required to use his best judgment as to the best course of treatment, and also whether he should consult some competent surgeon, if such could have been found within a reasonable distance.  If the defendant had not the requisite skill and experience to treat the arm, or felt incompetent to care for the injury, he should have temporarily dressed it, if necessary, and recommended the plaintiff to a more skilful surgeon."  *Held*, that the plaintiff had no ground of exception.

In an action against a physician and surgeon, for not properly treating the plaintiff's broken arm, the defendant was permitted to testify that he asked the plaintiff's son if he wanted him to take charge of the plaintiff, or to get some other physician ; and that the son, standing close by the plaintiff, who was conscious and made no reply, said, " If you can't dress it well, I don't know where to go for a physician."  The plaintiff testified in rebuttal that he neither heard nor knew of the question, or his son's answer.  *Held*, that the plaintiff had no ground of exception to the admission of the defendant's evidence.

TORT, with a count in contract, against a physician and surgeon, for malpractice in the treatment of the plaintiff's broken arm.  Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows :

The defendant, who was a physician and surgeon in Townsend, a country town in this Commonwealth, was sent for by the plaintiff's employer to treat the plaintiff's arm, which was broken and injured while in his employ ; and the defendant undertook to do so.  The plaintiff contended, and offered evidence tending to show, that, at the time of the original injury, the radius of the forearm was dislocated ; that the defendant failed to recognize

or reduce the dislocation; and that in consequence thereof the arm was permanently disabled.

The defendant contended, and offered evidence tending to show, that the plaintiff, during the time that the defendant was treating the arm, some five or six weeks, was negligent and careless, and did not follow his instructions, and refused at times to allow him to properly examine and treat the arm, and such conduct caused or contributed to the bad result; but it appeared that the defendant continued to treat the plaintiff, and neither consulted with nor called in the assistance of any other surgeon.

The plaintiff contended that, at the time of the original injury, and during the course of the defendant's treatment of the plaintiff, the defendant was ignorant of, and in doubt and uncertain as to, the nature and extent of the injuries to the plaintiff's arm, and that he felt incompetent to treat it, and, in consequence of such ignorance, doubt and uncertainty, failed to properly treat the plaintiff; and offered evidence tending to show that there were eminent and competent surgeons and physicians within a short distance of Townsend.

The plaintiff asked the judge to instruct the jury as follows: " If the defendant, at any time during his attendance upon the plaintiff, either at the time of the original injury or afterwards, was uncertain and in doubt as to the extent or nature of the injury, or any injury which he was attending upon, or if he felt incompetent to care for such injury, then the exercise of reasonable and proper skill and care required that he should consult, and procure the assistance of, some competent surgeon, if such could have been found within a reasonable distance."

The judge declined so to do, and instructed the jury as follows: " If the defendant, at any time during his attendance upon the plaintiff, either at the time of the original injury, or afterwards, was uncertain and in doubt as to the extent or nature of the injury, or any injury which he was attending upon, the defendant was required to use his best judgment as to the best course of treatment, and also whether he should consult some competent surgeon, if such could have been found within a reasonable distance. If the defendant had not the requisite skill and experience to treat the arm, or felt incompetent to care for

the injury, he should have temporarily dressed it, if necessary, and recommended the plaintiff to a more skilful surgeon."

The defendant requested the judge to instruct the jury as follows: "If the plaintiff at any time refused to permit the defendant to make the necessary examination to discover the difficulty, or to perform the necessary operation to remove the same, the defendant would be released from further responsibility; but if the defendant remained in attendance after such refusal, the defendant would be bound to exercise reasonable care and reasonable skill in his treatment of the plaintiff;" which instruction was given, against the plaintiff's exception.

The judge also, at the request of the plaintiff, gave this further instruction to the jury: "If the plaintiff refused to follow the directions of the defendant, and refused to allow the defendant to properly examine and dress the arm, then the defendant might properly refuse to attend further on the plaintiff; but if he preferred to continue his attendance, then he was bound to exercise reasonable and ordinary skill, knowledge and care, so long as he continued his attendance, notwithstanding the conduct of the plaintiff."

The defendant contended that the plaintiff preferred his services to those of any other surgeon, and took the risk of results, if the defendant did the best he could; and testified that, after the original injury, the plaintiff became faint and unconscious for a time, but soon after recovered consciousness. The defendant's counsel then asked the defendant, "What, if anything, did you say to the son?" The plaintiff objected to this question. The defendant then testified that the plaintiff was present; that he was conscious and could hear what was said. The judge then permitted the defendant to answer, under the plaintiff's objection, and he said, "I asked the son if he wanted me to take charge of his father, or to get some other physician. The son said, standing close by the plaintiff, 'If you can't dress it well, I don't know where to go for a physician.'" There was no claim that the plaintiff made any reply, or said anything. The plaintiff, in rebuttal, testified that he neither heard nor knew of the question, or the son's answer, and that the defendant never said to him that he might, or should, or ought to get another physician or surgeon, and never in the course of the treatment

directed him to any other surgeon or physician, and continued his treatment under no other contract than was implied in his being sent for by the plaintiff's employer. No question was made that the defendant was not regularly employed.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. Stevens & G. H. Stevens*, for the plaintiff.

*G. A. Torrey & S. Haynes*, for the defendant.

W. ALLEN, J. No objection is urged against the refusal of the court to give the instructions asked; and the refusal was clearly right.

The objection to the instructions given, that they only required the defendant to use the best judgment he possessed, and did not require that he should possess ordinary or reasonable knowledge, skill and experience, is founded upon a meaning given to a part of the instructions taken out of their connection with the rest. The whole of the instructions excepted to are, in substance, that if the defendant was not in fact competent, or if he felt that he was not competent to treat the case, he should have recommended the plaintiff to employ another surgeon; that if he was competent, and felt that he was competent to treat the case, but was uncertain or in doubt as to the nature and extent of the injury, he was required to use his best judgment as to whether he should consult some other surgeon. The instructions are clearly correct. To hold otherwise would require a surgeon to possess competent skill and experience, but hold him liable for exercising them.

The evidence of the conversation between the defendant and the son of the plaintiff in his presence and hearing was properly admitted. The effect to be given to it, and the effect upon it of the testimony of the plaintiff put in after its admission, were matters for the jury, upon which no question is before us.

*Exceptions overruled.*