CHARLOTTE WOLFE and Another, Plaintiffs, *v.* MAX H. FELDMAN, Defendant.

City Court of New York, Trial Term, New York County, March 11, 1936.

*Benjamin Kobre*, for the plaintiffs.

*Jenkins, Dimmick & Finnegan* [*St. Clair X. Hertel* of counsel], for the defendant.

WENDEL, J. This is an action against defendant, a dentist specializing in oral surgery, for injury sustained by plaintiff in connection with the rendition by defendant of dental services in extracting three of plaintiff's teeth. Anæsthetic gas was administered and when plaintiff regained consciousness she felt pain in the little finger of her right hand. She telephoned the defendant about it later that day and went to see him the following morning. At that time defendant identified her as the woman " who yesterday went under gas and caught hold of my leg and I had to use all my strength to get the hand off." The defendant sent her to a friend of his, a bone specialist, who treated her for a fracture of the finger, but when it did not improve plaintiff went to her own doctor.

Defendant's story is that plaintiff was strapped to the operating chair; that a short time later, after plaintiff was in the excitement stage of nitrous oxide anæsthesia and as he moved closer to the chair to adjust the suction aspirator, plaintiff, despite the limited movement of the strapped wrist, clutched his testicles with a painful grip, which required the use of great force to release. Thereafter he proceeded with the operation and when the patient had recovered from the anæsthetic she complained of pain in the right little finger. The following day an X-ray of the finger showed on the second phalanx a narrow line which looked like a fracture. Thereupon he sent her to a doctor to treat the finger.

The facts supporting plaintiff's claim of negligence in properly preparing her for the operation are as follows: That the defendant did not have any assistants with him at the time of the operation; that nothing precautionary was done to plaintiff except that the defendant put a mask on her face, and that defendant did not apply any restraining straps. The expert called by the plaintiff testified that restraining straps are applied when the patient is placed in the operating chair and that after the anæsthetic is administered the restraining straps are tightened; that the body and arm strap is usually placed sufficiently low to limit the motion of the forearm, but if necessary the attendant restrains the wrist.

In answer, defendant testified that he had present two assistants, a doctor and a nurse. The straps were applied to the chest, legs and wrists of the patient after the anæsthetic gas had begun to take effect; that being the most considerate policy. Wrist straps allow the patient's arm to hang over the side of chair, but there is no rigid close strapping which would defeat normal circulation in the hand. The two assistants corroborated the defendant as to what was done to prepare plaintiff for the operation. Defendant's expert testified that it was improper for an assistant to hold a patient's wrist because of the nature of the " fighting stage " of those undergoing anæsthesia by nitrous oxide; that the proper method is to strap the patient, including wrist straps, and that such wrist straps, while restraining the patient as much as possible, are not so tightly bound as to prevent circulation.

Where the defendant tacitly admits causing the injury, the acute problem is this: Has the defendant satisfactorily explained the occurrence of the accident? The rule of *res ipsa loquitur* applies (*Benson* v. *Dean*, 232 N. Y. 52, 58), and while the plaintiff must sustain the burden of proof of defendant's lack of proper care, the defendant is obliged to come forward with proof that he observed reasonable care in the performance of these dental services.

If, as claimed by the plaintiff, defendant alone was present at the time of the administration of the anæsthetic and no restraining straps were applied to control the actions of plaintiff after she became unconscious, it is clear that there was such lack of care and diligence by defendant as constitutes negligence. If, on the other hand, as claimed by the defense, wrist straps were applied, it is quite evident that such application or fastening must not have been properly performed, else the very purpose for which such strapping is done was not accomplished. Nor does the claim that it was impracticable to so fasten the straps as to prevent certain freedom of movement of the wrists and hands of the patient help defendant, for in such case it was incumbent on him, during the time the patient was in the so-called " fighting stage " reached by patients undergoing anæsthesia by nitrous oxide, not to place his body in such a position as to permit plaintiff's hands to interfere with him to such extent as to require the application of force sufficiently severe to cause her physical injury. The non-observance of such duty constituted negligence.

The degree of care required of defendant under these circumstances might well be greater than ordinary care. The authority for this statement is the case of *Keily* v. *Colton* (1 N. Y. City Ct. Rep. 439, N. Y. Marine Court, General Term, 1882), where the court stated: " There was nothing hurtful in the anæsthetic administered to the plaintiff, and the fact that he was put under its influence is material only in determining the amount of care which the defendants were called upon to exercise. They knew that the plaintiff, while under the influence of the anaesthetic, had no control of his faculties; that they were powerless to act, and that he was unable to exert the slightest effort to protect himself from any of the probable or possible consequences of the operation which they had undertaken to perform. He was in their charge and under their control to such an extent that they were required to exercise the highest professional skill and diligence to avoid every possible danger, for the law imposes duties upon men according to the circumstances in which they are called to act. In this case skill and diligence must be considered as indissolubly associated. The professional man, no matter how skillful, who leaves an essential link wanting or a danger unguarded in the continuous chain of treatment is guilty of negligence, and if the omission results in injury to the patient, the practitioner is answerable."

The above holding is not in conflict with the general rule that professional men are bound only to have and exercise competent skill 'n treating patients (*Link* v. *Sheldon*, 136 N. Y. 1; *Benson* v. *Dean*, 232 id. 52), for the conduct which here caused the injury is not the

want of proper professional skill, but the omission to exercise the degree of ordinary care necessary to protect the patient from injury.

For defendant's failure to satisfactorily explain the absence of his negligence for his failure to observe the degree of care necessary under the circumstances, plaintiff should have judgment.

Judgment for Charlotte Wolfe, $500, and for Ralph Wolfe, $150; fifteen days' stay of execution, thirty days to make a case.