PEARL SIMON, Plaintiff, *v.* MARTIN FREIDRICH, Defendant.

City Court of New York, Trial Term, Kings County, April 28, 1937.

*Charles Landesman*, for the plaintiff.

*Jenkins, Dimmick & Finnegan*, for the defendant.

GEISMAR, J. Motion to set aside judgment of dismissal and that a new trial be ordered. The action is against a physician for malpractice based on negligence. In brief, the evidence in behalf of the plaintiff proves that defendant had administered a number of treatments for nasal and sinus affections on occasions previous to the day of injury; that these treatments were comparatively painless and successful in alleviating the condition complained of; but that on the particular day of the injury the same treatment with the same drugs or medicines administered in exactly the same way, with ostensibly the same design and purpose, produced severe burns, not only inside and upon the organs treated, but likewise upon the periphery of the face, the lips and the chin. These superficial parts were not to be treated or contemplated as within the circle of administration of treatment. An expert was called to the stand as a witness for the plaintiff. This expert had been consulted by the plaintiff as a patient immediately after the burns supervened.

The expert, however, declined to testify, *first*, as to the facts on account of lack of memory and destruction of records, and, *second*, as to matters of opinion on the ground that a law suit is pending with which the witness wanted no connection. The court was strongly impressed with the view that, by putting the expert on the stand, even though he failed the plaintiff in all respects, nevertheless the plaintiff thereby pinned his faith and his cause to the proposition that the negligence, herein charged and alleged, was of a nature which could be adequately proven exclusively by an expert, and that, in the absence of expert, advisory evidence, the conclusion of negligence would be essentially speculative, hypothetical and conjectural. After careful cogitation upon this motion I am now, however, of the view that, since in the nature of things this plaintiff will, with certainty, be deprived of the benefit of expert opinion, the situation becomes the same as in the case of *Benson* v. *Dean* (232 N. Y. 52), in which, under apparently similar circumstances, the Court of Appeals made an unqualified pronouncement wholly relaxing the heretofore sanctified rule as to the requisiteness of expert evidence and determining in express language that not only was plaintiff's cause provable without expert opinion evidence to guide the jury, but that such *prima facie* proof was to be invested with all the strength of a "*res ipsa loquitur*." The court used these unmistakable words: " Ordinarily jurors would find difficulty, without the aid of medical evidence, in determining the right of a patient to recover against his physician for malpractice based on lack of scientific skill, but the results may be of such a character as to warrant the inference of want of care from the testimony of laymen or in the light of the knowledge and experience of the jurors themselves." (Citing *Leighton* v. *Sargent*, 31 N. H. 119; *Evans* v. *Roberts*, 172 Iowa, 653; *Wharton* v. *Warner*, 75 Wash. 470.) The opinion also recites (p. 55) that: " Plaintiff sought to establish his case without the aid of medical experts. His theory seems to have been that the lack of skill or want of care was so obvious from the history of the case that expert testimony was unnecessary." This is the only essential particular in which the instant case differs. I am now constrained to hold that plaintiff may not be penalized for the failure of the expert, and that the case should be weighed and the motion determined as if the expert had not been called at all. The problem is not without its grave difficulty, but it is a problem of evidence only. The defendant physician is still protected by those legal principles which hold him as not responsible for an unexpectedly bad result or for a mere error of judgment. (*Pike* v. *Honsinger*, 155 N. Y. 201; 48 C. J. p. 1127, § 114.)

The difference, however, is that now, of course, the defendant is put to his defense. The motion for a new trial is granted, and it is ordered that this cause be placed at the head of the day calendar, Trial Term, Part I for Jury Causes, for May 6, 1937. Serve order on calendar clerk.