Frederick E. SIMPSON, an infant by
Geraldine Simpson, his Guardian ad
Litem, Plaintiff-Appellant,

v.

STANDARD OIL COMPANY (N. J.),
Defendant-Appellee.

No. 300, Docket 23554.

United States Court of Appeals
Second Circuit.

Argued May 6, 1955.

Decided June 10, 1955.

Henry Fogler, New York City, for plaintiff-appellant.

Kirlin, Campbell & Keating, New York City (Walter X. Connor, New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

DIMOCK, District Judge.

■ Appellant Simpson sued to recover damages for injuries sustained in falling from the athwartships stairs on appellee's ship the Esso Wilmington, on October 27, 1948. The action was based on negligence under the Jones Act, 46 U. S.C. § 688. The case below was grounded almost exclusively upon the theory that appellee negligently suffered the stairs to be covered with sougee water and that the water made the stairs slippery with the result that appellant fell from them. Appellant's complaint, along with allegations to the effect that he had been injured on October 27th as a result of the slippery condition of the arthwartships stairs, alleged that on the day before, October 26th, appellant, during the course of duty, slipped while walking across the flying bridge and, as a result, "sustained some personal in-

jury". No claim was made on account of any injuries sustained on October 26th. The paragraph of the complaint devoted to allegations of the negligence above referred to, however, also contained the following:

"* * * in causing and permitting plaintiff to work too soon after the injury sustained on the previous day so that he was unnecessarily and negligently exposed to a slippery condition created on said ladder; and in failing to provide for the safety and health of the plaintiff, the defendant was negligent; in that the defendant * * * failed to properly and adequately treat the plaintiff for the injuries sustained on the previous day."

At the close of appellant's case the court, on motion of appellee, dismissed so much of the complaint as I have quoted above. Judge Rifkind, with the jury excluded, addressed himself to appellee's counsel as follows:

"You need not [put in any proof on the subject covered by the above quoted allegations] because my finding would be that there was no proof of that phase of the allegation of the complaint."

This ruling was adhered to by the court throughout the trial.

Thus Judge Rifkind withdrew from the jury the questions whether appellee failed to treat the injuries alleged to have been sustained by appellant on October 26th and whether, if this was the fact, the failure to treat caused appellant's alleged fall on October 27th. Appellant's case included evidence that the alleged mishap of October 26th occurred, that the purser treated appellant for pains in his shoulders resulting from this incident, that thereafter appellant found it difficult and painful to steer the vessel or lift paint buckets and that he was relieved from such duties and put on light duty. It was during the course of this light duty that appellant's fall is alleged to have occurred. Judge Rifkind's action was based upon the fact that appellant had offered no medical evidence that there had been a failure to treat or that, in any event, the injuries alleged to have been sustained by appellant on October 26th or any failure to treat those injuries could have been a producing cause of the accident alleged to have occurred on October 27th. He thought that submission of these questions to the jury would have permitted it to speculate.

Appellant argues that this ruling was erroneous in that medical opinion evidence on these issues would not have been admissible because it would have effected a withdrawal of the ultimate issue from the jury. See 7 Wigmore on Evidence §§ 1920, 1921 (3d Ed.), wherein this rule is strongly criticized.

If appellant's theory on the trial had been, as appellant apparently now argues that it was, that it was improper treatment to permit a man with a weakened grasp to descend stairs on a rolling and pitching ship and that as a result of this improper treatment he was precipitated down the stairs, then it might be argued that the issue was such that laymen could resolve it without the aid of experts and that medical evidence might have been excluded as a usurpation of the jury's function. See Benson v. Dean, 232 N.Y. 52, 133 N.E. 125, per Pound, J.

This could not have been appellant's theory on the trial, however, for at least twice during the course of his testimony appellant said that he was still holding onto the handrail when he came to rest at the foot of the stairs. On this state of the record it is clear that the jurors were not competent to determine whether the purser's treatment of appellant after the accident of October 26th was adequate or whether any injuries sustained as a result of that accident or failure to treat any such injuries properly could have been a competent producing cause of the fall alleged to have occurred on October 27th. Thus United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; Fireman's Insurance Co. of Baltimore v. J. H. Mohlman Co., 2

Cir., 91 F. 85 and Benson v. Dean, supra, all cited by appellant are not apposite. Judge Rifkind was correct.

█ █ Appellant argues further that the judgment below should be reversed because of erroneous admissions of evidence and failure of appellee to call certain witnesses. Appellee was under no obligation to call witnesses and appellant did not object to the admission of the testimony of which he now complains when it was offered.

The judgment appealed from is affirmed.