Burke, J. (dissenting).
In this action to recover damages for personal injuries due to alleged malpractice on the part of *647 defendant, a dentist, the complaint was dismissed at the close of the plaintiff’s case.
The principal issue on this appeal is whether the plaintiff made out a prima facie case of malpractice. Although the trial court erred in ruling that an expert witness called by the plaintiff was not qualified to express an opinion as to customary and accepted dental procedure, since defendant during his testimony supplied the information sought to be elicited from plaintiff’s expert, the plaintiff was not materially prejudiced.
In reviewing a judgment which dismisses a complaint, “ we must take the facts in a light most favorable to the plaintiff and, in determining whether the facts proved constitute a cause of action, give him the benefit of every favorable inference which may reasonably be drawn”. (Osipoff v. City of New York, 286 N. Y. 422, 425; Lubelfeld v. City of New York, 4 N Y 2d 455, 460.) Keeping in mind this axiom, a resumé of the record demonstrates that plaintiff has proven a cause of action.
Plaintiff had a bone impacted lower left third molar. There was a marked curvature which necessitated a surgical extraction. Upon the recommendation of her family dentist, she went to the office of defendant, an oral surgeon, for the operation. The defendant, after administering-a general anesthetic, made an incision over the crown of the tooth and by use of a surgical bone burr (i.e., a small drill) removed enough of the bone to allow for the removal of the tooth. The tooth was raised and removed by means of an elevator introduced into a small hole drilled in the root of the tooth.
Plaintiff, upon regaining consciousness, experienced a pain on the left side of her face in the area where the tooth had been removed. In the evening she informed her family dentist that the left side of her tongue was numb. The following day she found an absence of not only feeling, but also taste. She visited the family dentist who performed tests which convinced him that the left side of plaintiff’s tongue had no sense of feeling or taste. Five days after the extraction, defendant, according to the plaintiff, told her that “ the nerve of the tongue had been affected when the tooth was pulled and that it does happen maybe one out of a hundred cases, and there wasn’t anything that could be done for it ”. Plaintiff then consulted her family doctor who tested her reactions, established the loss of feeling *648 on the left side of her tongue and administered a series of injections. At the date of the trial, more than six years after the extraction, plaintiff asserted she had no sense of taste or feeling on the left side of. her ■ tongue. . Her tongue, she said, reacted sensitively to touch and to flavour prior to this extraction. This testimony is corroborated by her family dentist and her family doctor. ■:
Defendant contends that .all. the surgical work was done between the left cheek and the teeth and that no instrument was used on the lingual (tongue) side... He stated that the loss of the sense of fe,eling and of taste was not expected and did not normally follow such an oral surgical procedure. He also admitted it is contrary to accepted oral. surgical procedure to penetrate the lingual periosteum during the removal of an impacted left lower molar. : ■
.On the tongue side of the lower gum area (the lingual periosteum) are two nerves, the chorda tympani, which supply the sense of taste to the tongue and the lingual nerve,, which supplies the sense of feeling. These two nerves are separated from the tooth which was'extracted by the periosteum (described as a fibrous layer,, fairly .strong,, about as . thick as two piéces of paper) and the mandibular bone.
Dr. Silverstein, a specialist in the. field of otorhinolaryngology, was called as an expert witness by plaintiff. He stated he was familiar with-the operative procedures that defendant used in extracting the: tooth, had- examined plaintiff’s mouth on two, occasions and administered tests. He said, among other things, that the two nerves which supply the sense of taste and feeling to the left side of the tongue are dead; that the condition is permanent; and that there is- nothing; that can be done medically to improve, plaintiff’s condition. He then testified that plaintiff’s condition could only have been caused by “a severance or destruction or degeneration of the chorda tympani and lingual nerves ’ ’. He further testified that in this- case it was his opinion that the condition was caused by “ The entrance of a sharp instrument, with enough force to cut the nerve ’ ’; that the instrument penetrated the lingual periosteum and cut the nerves and that such forceful penetration was a competent producing cause of plaintiff’s ¡condition. It is undisputed that the.se two nerves are always inside .of the periosteum. In order to sever these two *649 nerves you must go through the mandibular bone, through the periosteum and into the floor of the mouth.
On the basis of this evidence, it is clear that a jury could infer that defendant, contrary to accepted oral surgical procedure, penetrated the lingual periosteum with the surgical bone burr and severed the two nerves, thereby causing a loss of the sense of taste and tactile sensation on the left side of plaintiff’s tongue.
In the usual case, the plaintiff is required to produce expert testimony that defendant has violated accepted and approved medical or dental standards (Pike v. Honsinger, 155 N. Y. 201; Bernstein v. Greenfield, 281 N. Y. 77, 80) unless the conditions are “ of such a character as to warrant the inference of want of care from the testimony of laymen or in the light of the knowledge and experience of the jurors themselves ” (Benson v. Dean, 232 N. Y. 52, 56; Meiselman v. Crown Heights Hosp., 285 N. Y. 389). In the cited cases there was direct evidence of acts or omissions by defendant and the issue was whether expert testimony was necessary to establish lack of skill or whether the jury could infer negligence. However, in this case the defendant was the only witness who could give direct evidence that the lingual periosteum was penetrated. The nerves, being below the floor of the mouth, could not be examined except upon dissection. Under such circumstances, where the defendant denies the performance of the acts which constitute admitted negligence, resort must be had, of necessity, to circumstantial evidence which may, taken together with the denial of the defendant, raise a question of fact for the jury.
The testimony of plaintiff’s witnesses, supported by the defendant’s own testimony, was sufficient to permit the jury properly to infer the commission of a specific act of malpractice or come to a conclusion that the consequences of the defendant’s operative treatment of the plaintiff was due to want of reasonable care.
Accordingly, the judgment of the Appellate Division should be reversed and a new trial granted, with costs to the appellant to abide the event.
Judges Dye, Fuld and Van Voorhis concur with Judge Desmond ; Judge Burke dissents in an opinion in which Chief Judge Conway and Judge Froessel concur.
Judgment affirmed.