Birdie Amsterdam, J.
In this action the plaintiff seeks to recover damages for an alleged aggravation of injuries and unnecessary pain and suffering, bottomed on the negligence of the defendant’s hospital employees. The defendant called no witnesses on its behalf and rested at the close of the plaintiff’s ease.
Briefly, the facts which give rise to this action are as follows: The plaintiff, a 53-year-old woman, was struck and thrown down by a hit-and-run vehicle on April 30, 1955 (Saturday) at about 8 -.00 p.m., with resulting injuries to her right leg, right knee, hip and thigh and a loss of control of her right leg. While being removed from the scene of accident to Harlem Hospital she complained to the ambulance doctor of pain and of a deprivation of function of her right leg. She arrived at the hospital, which is a cffy-operated institution, at about 9:00 p.m. The physician in charge of the emergency room, who was an employee of the hospital, ordered that X rays be taken of her right leg, right arm and pelvis. The X-ray technician, also an employee of the hospital, took X rays of her right arm, thigh and pelvis, but not of her right leg. At two o ’clock in the morning, and before the X rays were read by the defendant’s roentgenologist, the plaintiff was sent home on crutches and told to return on *313 Tuesday. No treatment or medicament was administered, nor was she advised as to the actual condition of her right knee. She was taken to her home by friends and assisted by them to her apartment, to which she had to hop up five flights of stairs. The pain in her right leg increased, and at 9:00 p.m. she was taken to St. Luke’s Hospital, where she informed the person in charge of her accident and said attendance at Harlem Hospital. At St. Luke’s Hospital she was given injections and pills and told to return on May 3. X rays taken at St. Luke’s Hospital on May 3 revealed a fracture of her right knee. Splints were thereupon applied to the said knee and she was hospitalized at St. Luke’s Hospital from May 3 to June 1, with complete bed rest during the first 19 days and thereafter ambulation on crutches without weight-bearing. This was followed by treatment at St. Luke’s Hospital clinic until October. It also appears that when the Harlem Hospital roentgenologist examined the X rays that had been taken of her at Harlem Hospital, which examination was several hours after she had been sent home, he directed that she be returned for an X ray of her knee; that a notification was first mailed to her 10 days thereafter, when she was already in St. Luke’s Hospital.
The plaintiff urges that the defendant was negligent in its employees’ failing to follow its doctor’s instructions by omitting to take an X ray of the plaintiff’s right leg, in failing to permit the plaintiff to remain in its hospital until the X rays could be read by its X-ray specialist, in sending her out in spite of her disabling condition, in failing to do anything for her, in failing to recall her immediately for a knee X ray; and that as a result the plaintiff sustained an aggravation of her injuries and was subjected to unnecessary pain and anguish.
The defendant maintains that the plaintiff has failed to establish the defendant’s legal liability — that absent proof of expert medical testimony, there is an insufficient showing of want of care of improper procedure on its part or of damages attributable thereto.
I find no merit to the defendant’s contention that the onus of proof cast on the plaintiff has not been met with respect to the issue of negligence and resultant damages for unnecessary pain and suffering.
In the case of Meiselman v. Crown Hgts. Hosp. (285 N. Y. 389), where a hospital was found liable for the acts of its doctors in discharging a patient prematurely, the Court of Appeals held that no medical expert was required to testify as to what was obvious to a layman of ordinary common sense. At page 396, the court stated: “ Common sense and ordinary experience *314 and knowledge, such as is possessed by laymen, without the aid of medical expert evidence, might properly have suggested to the jury that the condition of the boy at the time that he was left without hospitalization and abandoned by the defendants was not compatible with skillful treatment (Benson v. Dean [232 N. Y. 52]) * * * Ordinarily, expert medical opinion evidence, básed on suitable hypotheses, is required, when the subject-matter to be inquired about is presumed not to be within common knowledge and experience and when legal inference predominates over statement of fact, to furnish the basis for a determination by a jury of unskillful practice and medical treatment by physicians; but where the matters are within the experience and observation of the ordinary jurymen from which they may draw their own conclusions and the facts are of such a nature as to require no special knowledge or skill, the opinion of experts is unnecessary.”
Had an X ray of the plaintiff’s right leg been taken as directed, it would have revealed the fracture. The average layman knows that a fractured knee is painful, that it should be guarded, that it requires prompt attention and treatment, that it should be put into splints or a cast or immediately immobilized.
Without expert medical testimony, a finding is amply warranted that the defendant’s employees were guilty of negligence as the plaintiff charges. Hospitals must shoulder the responsibilities borne by everyone else. They are subject to the universal rule of respondeat superior (Bing v. Thunig, 2 N Y 2d 656).
Nor is expert medical testimony required to justify a holding that, by reason of such negligence, the plaintiff was subjected to unnecessary pain and suffering.
However, expert medical testimony is essential to establish an aggravation of injuries and the extent thereof. No such proof was adduced. If recovery were allowed for this portion of her claim, it would be founded on mere speculation and surmise. Hence, damages for aggravation of injuries are disallowed.
In the light of all of the foregoing, and of the attendant circumstances, I am of the considered opinion and find that the plaintiff is entitled to damages for unnecessary pain and suffering resulting from defendant’s negligent conduct and that the sum of $500 will adequately compensate the plaintiff therefor.
Accordingly, judgment is awarded in favor of the plaintiff and against the defendant in said amount and the Clerk of the court is directed to enter judgment to that effect.
*315 All motions on which decision was reserved are resolved in accordance with this determination. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. (Findings of fact and conclusions of law were waived. During trial the jury was waived.) Settle judgment.