## MORGAN v. ENGLES.

1. TRIAL—TESTIMONY—SUFFICIENCY—JUDGMENT NOTWITHSTANDING VERDICT—RETRIAL—SUPREME COURT DECISION.

Judgment notwithstanding verdict in retrial of malpractice case cannot be entered where testimony presented to jury was substantially identical to that offered in first trial in which Supreme Court reversed trial court's direction of verdict for defendant and held that evidence was sufficient to take case to jury.

2. SAME—JURY—EVIDENCE—NUMBER OF WITNESSES.

Consideration of conflicting medical testimony and resolution of factual issues is province of jury and fact that 1 party produced more expert witnesses is of little concern as long as bona fide factual dispute was present.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 293, 298.
[2] 53 Am Jur, Trial §§ 156, 158.
[3] 22 Am Jur 2d, Damages §§ 363, 364, 366, 367.
[4] 53 Am Jur, Trial § 143.
[5] 41 Am Jur, Physicians and Surgeons §§ 84, 87, 90.
[6] 39 Am Jur, New Trial § 207.

3. DAMAGES—PERSONAL INJURY—MEASURE.

There is no set formula as to the amount of damages awarded in injury cases, the amount being left to sound discretion of jury; an award of damages should not be interfered with unless the amount of damages is so shockingly excessive that it appears to have been the result of passion or prejudice or to have been awarded without regard for the evidence.

4. TRIAL—MISTRIAL—PERSONAL INJURY ACTION—INSURANCE—WAIVER OF OBJECTION.

Objection by defense to plaintiff's solicitation of witness to mention existence of insurance by answering that an insurance company was paying his expenses to fly in to testify was waived where defense failed to request a mistrial or object to question at time it was posed.

5. PHYSICIANS AND SURGEONS—NEGLIGENCE—STANDARD OF CARE.

Customary practice in local medical community which defines standard of care in action for negligence of physician includes availability of other professional treatment for the patient; thus a practitioner may be liable for malpractice if he fails to apprise the patient of the availability of a specialist in a particular fact situation.

6. TRIAL—JUDGMENT NOTWITHSTANDING VERDICT—NEW TRIAL—ALTERNATIVE RULING.

Ruling of trial judge as alternative to granting of motions for judgment notwithstanding verdict that, should that ruling be reversed on appeal, motions for new trial should be granted as alternative *held*, not based on any apparent judicial authority and not binding on Court of Appeals.

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 February 5, 1968, at Detroit. (Docket Nos. 1,638, 1,639.) Decided October 23, 1968. Rehearing denied December 2, 1968. Leave to appeal denied August 5, 1969. 382 Mich 773.

Complaint by John Morgan, a minor, by his next friend, Mary Morgan, against John Engles for damages for medical malpractice. Complaint by Mary Morgan against John Engles for medical expenses. Cases consolidated for trial and on appeal. Verdict

for plaintiffs. Judgment notwithstanding verdict for defendant, alternative ruling granting motions for new trial if judgment reversed. Plaintiffs appeal. Reversed and alternative ruling vacated.

*Albert Lopatin* and *Norman L. Zemke,* for plaintiffs.

*Humphreys Springstun* (*Moll, Desenberg, Purdy, Glover & Bayer,* of counsel), for defendant.

McGREGOR, J. Two malpractice suits, one by John Morgan, a 4-1/2 year old minor, by his next friend and mother, Mary Morgan, and one by Mary Morgan in her own behalf, were started against the doctor of a small community. The controversy concerns defendant's treatment of a severe supracondylar fracture and injury to the epiphysis* of the minor's left elbow, suffered when he fell off a Shetland pony.

The previous trial of this matter in circuit court resulted in a directed verdict and judgment for the defendant. Plaintiffs appealed to the Michigan Supreme Court, *Morgan* v. *Engles* (1964), 372 Mich 514, which reversed and remanded, ruling the evidence sufficient to take the case to the jury.

After the decision of the Supreme Court, a new trial began before the judge who sat for the previous trial. The second trial resulted in jury verdicts in favor of John Morgan, the minor child, in the amount of $25,000 and in favor of Mary Morgan, the mother, in the amount of $5,000.

Defendant filed for a judgment *non obstante veredicto,* or in the alternative, a new trial. In each case, the trial judge granted the motion for judgment notwithstanding verdict, and further provided that, in the event the judgment *non obstante vere-*

---

* Epiphysis—the growth area at the end of the bone.

*dicto* is set aside on appeal, a new trial would be granted.

During the interval between the trials, the minor was hospitalized five times for surgery on his elbow. Previous to and since the first trial, corrective surgery has been performed on the elbow several times by a surgical team headed by Dr. Drompp, an orthopedic surgeon. Plaintiffs contend that defendant's failure to refer plaintiff minor to an orthopedic specialist was contrary to accepted medical standards of practice in his community, and proximately caused painful and permanent injury to the plaintiff-minor's elbow.

In the first trial, the defendant testified; at the second trial defendant did not appear, and the court permitted the transcript of defendant's testimony at the first trial to be read to the jury.

Plaintiffs' expert witness, Dr. Vann, a doctor of medicine (not a specialist), licensed to practice in this state, testified at the first trial that the fracture in question required major orthopedic procedures. Dr. Vann was served with a timely subpoena to appear as a witness at the second trial. Although he was paid the witness fee and he told the process server that he would appear, he did not. A bench warrant was issued but Dr. Vann could not be located. During the second trial, plaintiff offered and was permitted to read to the jury the transcript of Dr. Vann's testimony at the first trial. Obviously, the jury in the instant cases had the identical but conflicting testimony of the two key witnesses.

Defendant presented evidence to discredit Dr. Vann's value as plaintiffs' expert witness. Dr. Drompp was produced by defendant. He and eight other doctors gave testimony generally favorable to the defendant, all saying that defendant conformed to "standard, customary, usual, proper, and ac-

cepted" medical practices in treatment of the minor's injury.

The recital of facts in the Supreme Court opinion, *Morgan* v. *Engles, supra,* pp 517–519, are by reference incorporated herein.

At the second trial, Dr. Drompp slightly changed his testimony, saying that he did not believe he could demonstrate epiphyseal injury with Dr. Engles' X-rays but the X-rays did show a narrow mark across a portion of the epiphysis. At the first trial, he testified he could see evidence of epiphyseal injury on the X-rays.

The fact that the re-trial and the verdicts therein were based on substantially identical testimony, already approved by the Michigan Supreme Court as sufficient to take the case to a jury, compels us to reverse the trial judge.

Expert medical witnesses expressed conflicting views as to whether the defendant's treatment of the injury, or his failure to refer the case to an orthopedic bone specialist, proximately caused the medical complications and conditions of the elbow. The consideration of the conflicting medical testimony and the factual resolution of the issues to which this testimony was directed were within the province of the jury. The fact that the defendant produced more expert witnesses than plaintiffs is of little concern, since a bona fide actual dispute was presented.

"Since it is for the jury, and not for the court, to fix the amount of the damages, their verdict in an action for unliquidated damages will not be set aside merely because it is large or because the reviewing court would have awarded less. * * * The formula which is perhaps most frequently used is to the effect that to warrant interference the verdict must be so excessive as to appear to have been given

under the influence of passion or prejudice. Another statement is that to warrant interference the award must be so excessive as to shock the judicial conscience." (Footnotes omitted.)  22 Am Jur 2d, Damages, § 366, pp 472, 473.

There is no set formula for the amount of damages that may be awarded in injury cases. Such amounts are left to the sound discretion of a jury, and a court should not interfere, unless the amount awarded is so shockingly excessive, it clearly appears the verdict was given under the influence of passion or prejudice, or that the jury disregarded the evidence.

Defendant contends it was error when plaintiffs' counsel asked Dr. Drompp who would reimburse him for the expense of flying in to testify, and the doctor replied, "The insurance company, or whoever it is Mr. Springstun [defendant's attorney] represents." Defendant made no motion or request for a mistrial, electing not to object to the question. Defendant may not wait to see if the verdict be favorable and if not, raise the question for the first time on a post-trial procedure. He must move timely to save his rights to any claimed errors.

In a negligence action, a qualified medical practitioner should be subject to liability if he fails to exercise an established standard of care and skill. The standard is not determined by the particular physician's actual or constructive knowledge of treatments, but rather by the customary practice in the local medical community and an area coextensive with the medical and professional means available in centers readily accessible for appropriate treatment of the patient. Applying this standard, a practitioner may be liable for malpractice if he fails to apprise a patient of a specialist's availability in a particular fact situation.

The ruling of the trial judge is reversed and the cases remanded for entry of judgments on the ver-

dicts in accordance with this opinion. The alternative ruling of the trial judge, granting motions for a new trial in the event that his ruling on judgments notwithstanding the verdicts might be reversed, was an abuse of judicial discretion, is not binding on this Court, and is vacated. Costs to appellants.

LESINSKI, C. J., and LEVIN, J., concurred.