■ STEPHEN DIER, Appellant, v CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff due to the alleged use of unreasonable force by police officers in effecting the plaintiff's arrest, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 2, 1980, which dismissed the complaint on the ground of collateral estoppel. Judgment reversed, on the law, without costs or disbursements, complaint reinstated, and case remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. It is well settled that the doctrine of collateral estoppel may be employed in a civil action to preclude the relitigation of issues necessarily determined in a prior criminal action. (S. T. Grand, Inc. v City of New York, 32 NY2d 300.) However, in order for the doctrine to constitute a bar to a subsequent civil suit, it is necessary that the issues determined in the criminal prosecution be the same as those involved in the pending civil action, and that they be dispositive of the questions involved therein. Moreover, the party against whom the doctrine is sought to be invoked must have had a full and fair opportunity to litigate those issues in the earlier criminal trial. (See Schwartz v Public Administrator of County of Bronx, 24 NY2d 65.) In the instant case, the question of whether the police officers, inter alia, employed "excessive force" in effecting the plaintiff's arrest was neither raised nor litigated in the prior criminal action, as the matter was not then in issue. Accordingly, plaintiff should not be estopped from litigating this issue in the present civil suit. Furthermore, the trial court erred in its prospective ruling that plaintiff would not be permitted to adduce expert testimony at trial on the question of whether the police officers acted in accordance with proper police practice in effectuating plaintiff's arrest. That question is clearly relevant and is beyond the scope of an ordinary juror's knowledge. As such, it involved " 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (see Selkowitz v County of Nassau, 45 NY2d 97, 102, citing Dougherty v Milliken, 163 NY 527, 533), and thus testimony by an expert would be permissible. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ DURAKOOL, INC., Respondent, v COMMERCIAL UNION ASSURANCE COMPANIES, Appellant.—Three orders of the Supreme Court, Nassau County, dated October 26, 1979, November 29, 1979, and April 24, 1980, respectively, affirmed, with one bill of $50 costs and disbursements (see Bruno v Village of Port Chester, 74 AD2d 629; cf. Barasch v Micucci, 49 NY2d 594). Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.