■ GEORGE D. COBURN, JR., Appellant, v AETNA CASUALTY & SURETY COMPANY et al., Respondents. [623 NYS2d 599] —In an

action, *inter alia,* for a judgment declaring that the defendant Aetna Casualty & Surety Company is obligated to defend the defendants Lerraf, Inc., Farrell's Restaurant, and Farrell J. Corcoran in an underlying personal injury action, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated March 17, 1993, which, *inter alia,* declared that Aetna Casualty & Surety Company was not obligated to defend and indemnify those defendants.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

George D. Coburn, Jr., a truck driver for Harbor Distributing Co. (hereinafter Harbor), sued Farrell's Restaurant and its owners, Farrell J. Corcoran and Lerraf, Inc. (hereinafter the Lerraf defendants), for personal injuries sustained in the restaurant on January 9, 1981, when the plaintiff fell through an open trap door into the basement while preparing to move his shipment of beer into the basement. The Lerraf defendants impleaded Harbor, as lessor of the truck. Harbor's policy, issued by the Aetna Casualty & Surety Company (hereinafter Aetna), covered liability not only for the named insured, Harbor, but also all those using the vehicle with Harbor's permission. The policy restricted coverage to users under certain circumstances, however, barring coverage to "[a]nyone other than [Harbor's] employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto". As the Lerraf defendants were not employees or lessees of Harbor and were not borrowers of Harbor's truck, they are not covered by the policy.

It is established law that unambiguous provisions of insurance policies are to be given their plain and ordinary meaning *(see, Lavanant v General Acc. Ins. Co.,* 79 NY2d 623). The above provision clearly bars coverage to permissive users for injuries occurring during the moving of property to or from a covered auto. Although the plaintiff and the Lerraf defendants argue that the plaintiff was not moving the shipment of beer at the exact moment that the accident occurred, the adoption of such a construction would distort the intention of the provision. The phrase "moving property to or from a covered auto" can be likened to the phrase "loading and unloading". A clause limiting coverage to lessees, borrowers and the employees of the named insured during loading and unloading is permissible and will be upheld *(see, Breen v Cunard Lines S. S. Co.,* 33 NY2d 508).

Furthermore, Aetna had not waived its right to deny coverage by failing to provide a prompt written disclaimer, since it had no contract of insurance with the Lerraf defendants *(see, Zappone v Home Ins. Co.,* 55 NY2d 131). To hold otherwise and apply the doctrine of waiver in such circumstances would improperly create coverage where none exists *(see, Matter of Aetna Cas. & Sur. Co. v Mari,* 102 AD2d 772). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.