■ BARBARA FELTUS, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. [726 NYS2d 727] —In an action to recover damages for wrongful death resulting from medical

malpractice, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Rosenberg, J.), entered January 28, 2000, which, upon a jury verdict in favor of the defendants and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff's decedent, a patient of the defendant doctor John D'Anna, was admitted to the defendant Staten Island University Hospital (hereinafter SIUH) for the reversal of a colostomy procedure. During the hospitalization, a triple-lumen catheter was inserted into the decedent's femoral vein by the hospital staff. Five days after the catheter was removed, the decedent suffered a pulmonary embolism, resulting in his death. The plaintiff contends that D'Anna and SIUH departed from good and accepted standards of medical care.

At trial, the Supreme Court precluded the plaintiff from testifying to several statements allegedly made to her by the decedent after the catheter was removed, and denied her request for a jury charge in accordance with *Noseworthy v City of New York* (298 NY 76) (*see,* PJI 1:61). The jury returned a verdict in favor of the defendants on the issue of liability.

The plaintiff contends on appeal that the Supreme Court erred in precluding her from offering testimony of statements made to her by the decedent. She contends that this testimony was admissible to establish the defendants' liability either as an excited utterance, an admission, or evidence of the decedent's state of mind. However, there is no evidence in the record that the plaintiff sought to introduce this testimony for anything other than the limited purpose of establishing the decedent's state of mind in order to demonstrate his pain and suffering. Thus, the plaintiff waived any other theories of admissibility by failing to offer them on the record at trial (*see, Gunnarson v State of New York,* 95 AD2d 797, 798). Moreover, because the jury did not reach the issue of damages, the denial of the plaintiff's request to admit this testimony for the purpose of demonstrating pain and suffering is academic (*see, Theodosiou v CLD Transp. Co.,* 147 AD2d 692).

The Supreme Court also properly denied the plaintiff's request for a jury charge consistent with *Noseworthy v City of New York* (*supra*). Pursuant to *Noseworthy,* a party who has died as a result of alleged negligent acts of a defendant is held to a lesser burden of proof in establishing his or her right to recovery (*see, Holiday v Huntington Hosp.,* 164 AD2d 424, 427-428). The rationale is that the decedent is not available to describe the occurrence, and it is unfair to permit the defendant, who has knowledge of the facts, to benefit by standing mute

*(see, Sawyer v Dries & Krump Mfg. Co.,* 67 NY2d 328, 333; *Holiday v Huntington Hosp., supra,* at 427). A *Noseworthy* charge should only be given with respect to such factual testimony as a decedent might have testified to, had he lived *(see, Holiday v Huntington Hosp., supra,* at 428).

The plaintiff has failed to show that there is any factual testimony to which the decedent could have testified which would have been relevant on the issue of the defendants' liability. Finally, immediately before and after D'Anna removed the decedent's catheter, the plaintiff was in the room and she testified that D'Anna was visibly upset, abrupt, and very intent. The plaintiff had no need to relate the decedent's hearsay statement to the same effect. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.