(May 7, 2002)

■ BIN XIN TAN, Appellant, v ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Respondents. [742 NYS2d 10] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J., and a jury), entered December 18, 2000, in favor of defendants, unanimously affirmed, without costs.

After an allegedly negligent misdiagnosis of cancer, the right lobe of the decedent's liver was removed, resulting in complications that contributed to his death during subsequent transplant surgery. Plaintiff claims that defendant St. Vincent's Hospital, by misinterpreting the "skinny" needle biopsy on which the diagnosis was based, and defendants Dr. Yee and Mt. Sinai Medical Center, by failing to confirm the diagnosis with a tissue biopsy, committed malpractice.

We reject plaintiff's argument that St. Vincent's answer should have been dismissed because of its failure to produce, during discovery or at trial, the cytology slides that supposedly indicated cancer. The missing document charge that the trial court gave, which permitted the jurors to draw the strongest possible inference against St. Vincent's as to what the lost cytology slides would have shown, was a more appropriate sanction for this loss of evidence that was not crucial to plaintiff's case (see, *Tawedros v St. Vincent's Hosp.*, 281 AD2d 184). An inference of negligent misdiagnosis could have been made without expert testimony addressing the slides on the

basis of (1) the missing witness charge; (2) the evidence that the mass, when removed, was shown to be benign; and (3) the expert testimony that a cytopathological "false positive" is extremely rare. Nor was a res ipsa loquitur charge warranted since the evidence raised issues beyond the common knowledge of laypersons as to whether St. Vincent's misdiagnosis was negligent, and, if so, whether it was a proximate cause of the decedent's death (*see, Delaney v Champlain Val. Physicians Hosp. Med. Ctr.*, 232 AD2d 840).

The verdict was not against the weight of the evidence. The jury could credit testimony that the diagnosis of cancer and the advice to undergo a resection were warranted, irrespective of the cytology results, by the decedent's clinical presentation as an Asian male under 40 with a history of hepatitis B and a liver mass, and that a tissue biopsy of the right lobe involved considerable risks, including possible spreading of cancer cells outside the affected area. Nor was plaintiff entitled to a *Noseworthy* charge (*Noseworthy v City of New York*, 298 NY 76; PJI3d 1:61). The decedent could not have testified concerning the cytologist's alleged misdiagnosis or whether Dr. Yee and Mt. Sinai should have conducted a tissue biopsy (*see, Feltus v Staten Is. Univ. Hosp.*, 285 AD2d 445). Furthermore, any testimony that the decedent might have given concerning his general health, what he was told about the condition of his liver, and the circumstances of his consent to the resection would have been irrelevant to the liability issues presented at trial. Plaintiff's challenges to the jury interrogatories are unpreserved and, in any event, without merit. We have considered plaintiff's other arguments, including his challenges to the court's charge, and find them unavailing. Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.