■ DANIEL RAY ROMAN, an Infant, by His Mother and Natural Guardian, VALERIE VALENTIN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [780 NYS2d 5]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 3, 2003, which denied plaintiff's motion for leave to submit this action to a jury on the theory of res ipsa loquitur and granted defendants' respective cross motions for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying the motion of defendant Board of Education and reinstating the complaint as

against it, and permitting plaintiff to proceed under res ipsa loquitur as against said defendant, and otherwise affirmed, without costs.

The infant plaintiff Daniel Roman, who was 12 years old at the time of injury, suffers from severe cerebral palsy, mental retardation and quadriplegia. This action was brought by his mother, Valerie Valentin. Daniel is unable to walk, speak or care for himself, and communication is limited to facial expressions and eye movements. On September 21, 1994 at 8:00 A.M., Daniel was transported from a residence operated by defendant United Cerebral Palsy (UCP) in a bus owned and operated by defendant Consolidated Bus Transit to PS 138. According to the driver, when he was placed on the bus, plaintiff was "laughing and carrying on." Likewise, when he arrived at PS 138 and was lowered to the sidewalk in his wheelchair, "he was the same happy baby." The driver last saw Daniel as he was turned over to the care of a paraprofessional assistant at the school, just prior to 8:30 A.M. At that time, "He was happy. He was okay."

The record contains the statement of the paraprofessional who wheeled Daniel up to his classroom at about 8:35 A.M. It indicates that Daniel "was not positioned correctly in that he was slouched down in his chair," but otherwise he "did not seem to be in any discomfort."

Shortly after Daniel was brought into his classroom, Libonesa Reynoso, a paraprofessional assistant, noticed that he looked "very sad," which was unusual because "[h]e was always a very happy boy." Thinking that his diaper might need changing, she and another paraprofessional took plaintiff to the bathroom. When they undressed him, they observed swelling and a red mark on his right leg. Plaintiff was taken by ambulance to Beth Israel Medical Center, where he was diagnosed with a spiral fracture of the right femur. His mother subsequently filed a report of suspected child abuse that states, "According to medical staff, pt's injury caused by external force in twisting motion."

Plaintiff by his mother commenced this action against the New York City Board of Education, Consolidated and UCP. Plaintiff moved for leave "to present the instant action to the trier of fact on the theory of Res Ipsa Loquitar [*sic*]," and defendants each cross-moved for summary judgment dismissing the complaint on the ground that plaintiff is unable to establish the instrumentality that caused the injury and therefore, in the words of defendant Board of Education, cannot "connect the City to this injury." In reply, plaintiff acknowledged the parties' agreement that, "in the event that *res ipsa* does not apply,

[plaintiff] has no proof of active negligence against any of the defendants." Supreme Court denied plaintiff's motion and granted the respective cross motions to dismiss the complaint.

The doctrine of res ipsa loquitur may be invoked when a plaintiff demonstrates that (1) the accident is of a type that does not occur in the absence of negligence; (2) it is attributable to an agency or instrumentality within the exclusive control of the defendant; and (3) the injury sustained was not due to any voluntary action or contribution on the part of the plaintiff (*Mejia v New York City Tr. Auth.*, 291 AD2d 225, 227 [2002]). It is not suggested that this is an injury that Daniel could have inflicted on himself. Nor is this a type of accident that would be expected to occur in the absence of negligence. Thus, the only question is whether Daniel's injury is attributable to an agency or instrumentality within the exclusive control of a particular defendant.

Although defendants suggest that plaintiff cannot establish which of them had custody and control of Daniel at the time of injury, the uncontroverted evidence indicates that he was comfortable and happy both when leaving the UCP residence and upon delivery into the custody of defendant Board of Education at PS 138; only minutes later, after being brought into the classroom, he was uncomfortable and "very sad." The statement of the Board's employee that Daniel did not appear to be in any discomfort when he was brought into the classroom does not obviate injury at a later time. Contrary to the Board's intimation, exclusivity of control "does not mean that 'the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door' " (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227 [1986], quoting 2 Harper and James, Torts § 19.7, at 1086). The record establishes that Daniel was in no discomfort prior to his arrival in his PS 138 classroom and demonstrates that injury occurred on school premises.

The lack of evidence of the precise instrumentality that caused the injury does not bar application of res ipsa loquitur. Where, as here, the injury is one that would not occur without negligence and the condition of the injured plaintiff prevented him from ascertaining the cause of his injuries, the exclusiveness of the defendant's control together with the helplessness of the plaintiff is sufficient (*Morris v Lenox Hill Hosp.*, 232 AD2d 184, 185-186 [1996], *affd* 90 NY2d 953 [1997] *for reasons stated below*; *see also Lo Presti v Hospital for Joint Diseases*, 275 AD2d 201, 203 [2000]). Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.