■ THOMAS PALAZZO et al., Appellants, v HARTFORD INSURANCE COMPANY OF THE MIDWEST et al., Respondents, et al., Defendant. [782 NYS2d 124]—

In an action for a judgment declaring that the defendant Hartford Insurance Company of the Midwest is obligated to indemnify the defendant Richard J. Corio in this action, and to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated August 30, 2002, which granted that branch of the motion of the defendant Hartford Insurance Company of the Midwest which was for summary judgment declaring that it is not obligated to defend and indemnify defendant Richard J.

Corio in this action, and, in effect, denied their cross motion for summary judgment declaring that the defendant Hartford Insurance Company of the Midwest is obligated to indemnify the defendant Richard J. Corio in this action, and (2) a judgment of the same court (Schneier, J.), entered March 19, 2003, which, upon a jury verdict after a trial on the issue of liability, is in favor of the defendant Richard J. Corio and against them.

Ordered that the order is affirmed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"It is well settled that whether a person is a 'resident' of an insured's 'household' requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*Lindner v Wilkerson,* 2 AD3d 500, 501-502 [2003]; *see Appell v State Farm Ins. Co.,* 292 AD2d 407 [2002]; *Matter of New York Cent. Mut. Fire Ins. Co. v Bonilla,* 269 AD2d 599 [2000]; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941 [1993]). In opposition to the prima facie case for summary judgment established by the respondent Hartford Insurance Company of the Midwest (hereinafter Hartford), the plaintiffs failed to present any facts sufficient to raise a triable issue as to whether the defendant Richard J. Corio was a resident of his grandparents' household at the time of the accident (*see Lindner v Wilkerson, supra*). Contrary to the plaintiffs' contentions, an erroneous statement of a claims representative employed by Hartford that Corio was an insured under the insurance policy of their insured, Corio's grandparents, did not raise an issue of fact as to Corio's residence, and could not create coverage where none existed (*see generally Coburn v Aetna Cas. & Sur. Co.,* 212 AD2d 752, 754 [1995]; *Zappone v Home Ins. Co.,* 55 NY2d 131, 138 [1982]).

Although the Supreme Court erred in refusing to instruct the jury that the injured infant plaintiff should be held to the standard of care of a reasonably prudent child, this error does not warrant reversal since the jury found Corio free from any negligence and did not reach the question of the injured infant plaintiff's negligence (*see Weingarten v Landesman,* 137 AD2d 520 [1988]).

The Supreme Court properly denied the plaintiffs' request for a jury charge consistent with *Noseworthy v City of New York* (298 NY 76 [1948]). Despite the injured infant plaintiff's alleged amnesia, he successfully answered every question posed to him on direct examination, including numerous questions about the events leading up to the accident, and an eyewitness for the plaintiffs also testified regarding those events. The plaintiffs

also failed to show that there were any factual events about which the injured infant plaintiff could have testified which would have been relevant to the issue of liability other than those about which both he and the eyewitness testified (*see Feltus v Staten Is. Univ. Hosp.*, 285 AD2d 445, 446 [2001]). Altman, J.P., Florio, Smith and Rivera, JJ., concur.