SHAMEL FERGUSON et al., Appellants, v MOHAMMAD Z. IQBAL et al., Respondents. [823 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), entered August 25, 2005, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs to the defendant Mohammad Z. Iqbal.

The plaintiffs contend that the Supreme Court committed reversible error in declining to instruct the jury that any negligence of the infant plaintiff's mother could not be imputed to the infant plaintiff. Pursuant to General Obligations Law § 3-111, the contributory negligence of an infant plaintiff's parent or custodian shall not be imputed to the infant in an action brought by the infant to recover damages for personal injuries.

Here, the Supreme Court instructed the jury regarding the applicable principles of law concerning the defendants' potential liability for negligence. At no time was the issue of contributory or comparative negligence ever presented to the jury. Accordingly, there was no need to instruct the jury that the mother's contributory negligence could not be imputed to the infant plaintiff, since the jury found the defendants free from

negligence and was never presented with any question of the infant plaintiff's negligence (*see Palazzo v Hartford Ins. Co. of Midwest,* 10 AD3d 711, 712 [2004]; *Weingarten v Landesman,* 137 AD2d 520 [1988]; *cf. Avram v Haddad,* 88 AD2d 942 [1982] [failure to instruct the jury that any negligence by the infant plaintiff's brother could not be imputed to the infant plaintiff constituted reversible error where the jury had been given a comparative negligence charge]).

Similarly unavailing is the plaintiff's contention that the court erred in failing to instruct the jury with respect to Vehicle and Traffic Law § 1146, and that a violation of that statute constitutes negligence. The court properly charged the jury regarding New York City Traffic Regulations (34 RCNY) § 4-04 (d), which superseded Vehicle and Traffic Law § 1146 (*see* Vehicle and Traffic Law § 1642 [a] [10]; *Ferreira v New York City Tr. Auth.,* 79 AD2d 596 [1980]). Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.