■ Daniel Bruce DeCarlo, as Administrator of the Estate of Mary E. Tedesco, Deceased, Respondent, v Eden Park Health Services, Inc., Doing Business as Eden Park Health Care Center, Appellant. [887 NYS2d 315]—

McCarthy, J. Appeal from an order of the Supreme Court (Lalor, J.), entered September 17, 2008 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

Mary E. Tedesco (hereinafter decedent) was an 87-year-old woman with severe osteoporosis and a host of other medical conditions who, while a nonambulatory resident of defendant's nursing home facility, suffered fractures of her left ankle and right femur, the immediate cause of which is unknown. Plaintiff, as administrator of decedent's estate, brought this action on a theory of res ipsa loquitur alleging that defendant's negligence

resulted in decedent's injuries. Supreme Court denied defendant's motion for summary judgment and this appeal ensued. We affirm.

Res ipsa loquitur is an evidentiary doctrine invoked, under appropriate circumstances, "to allow the factfinder to infer negligence from the mere happening of an event" (*States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]). It may be applied where a plaintiff has established a prima facie case of negligence showing that the event is of a kind not ordinarily occurring in the absence of negligence, the defendant had exclusive control over the agency or instrumentality causing the event, and the plaintiff did not voluntarily act to cause or contribute to the event (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]). A plaintiff need not eliminate the possibility of all other causes, but must demonstrate that more likely than not the injury was caused by the defendant's negligence (*see Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]).

Decedent's medical records and testimony from defendant's employees indicate that for at least several months prior to the discovery of her injuries, decedent was nonambulatory and required the assistance of one or more of defendant's staff to get in and out of bed and even to reposition herself in bed. On August 5, 2004, one of defendant's employees noticed swelling of decedent's right leg while assisting her to the shower. Decedent was subsequently transported to the emergency room where X rays revealed the fractures. Decedent's left ankle was treated with an air cast, but the fracture of her right femur resulted in amputation above the knee. She subsequently returned to the nursing home where she remained until her death in February 2006. Decedent reportedly was asked, but did not know, what caused her injuries.

It is clear that decedent's advanced osteoporosis left her bones in a delicate state. Gerald Ortiz, defendant's expert orthopedist, and Louis DiGiovanni, the orthopedist who evaluated decedent at the emergency room, opined that decedent's fractures most likely occurred "during the course of normal care . . . given her advanced age, her severe osteoporosis and her overall poor medical condition," and were not the result of defendant's negligence. However, plaintiff's expert orthopedist, Louis Nunez, opined that the types of fractures that decedent suffered do not occur in the course of normal activities, that her severe osteoporosis was a condition that defendant should have taken into consideration in providing care and treatment, and that the nature of the right femur fracture indicated "some sort of torque activity, external trauma applied or a direct impact to the knee." He also

noted that defendant's records did not document the presence of any visitors or any action by decedent that may have contributed to her injuries. He concluded that the injuries occurred while decedent was under the exclusive control of defendant and were the result of defendant's negligence. Plaintiff's evidence that decedent was essentially immobile, under the exclusive control of defendant and that at least one of her injuries appears to have resulted from the application of some external force presents triable issues as to the proximate cause of decedent's injuries. As such, summary judgment was properly denied (*see Schlanger v Doe*, 53 AD3d 827, 829-830 [2008]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.