██ In the Matter of BEVERLY YY., an Incapacitated Person. PATRICIA ZZ., Appellant; ROBERT IRVING MILLER JR., as Guardian of the Property of BEVERLY YY., et al., Respondents. [913 NYS2d 392]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (O'Connor, J.), entered September 22, 2009 in Ulster County, which, in a proceeding pursuant to Mental Hygiene Law article 81, among other things, denied petitioner's cross motion to remove respondent Robert Irving Miller Jr. as the guardian of the property and respondent Commissioner of Social Services of Ulster County as the guardian of the person of respondent Beverly YY., and (2) from an order of said court, entered September 22, 2009, which granted respondent Robert Irving Miller Jr.'s motion to, among other things, dispose of the property of respondent Beverly YY.

Respondent Beverly YY. is currently a nursing home resident suffering from dementia. Petitioner is her niece. Following the 2001 commencement of this proceeding seeking the appointment of a guardian for the person and property of Beverly YY., respondent Commissioner of Social Services of Ulster County was appointed guardian of the person of Beverly YY. Although petitioner and her father were originally appointed guardians of Beverly YY.'s property, they were later removed and respondent Robert Irving Miller Jr. was appointed in their place.

Subsequently, in May 2009, Miller moved for permission to, among other things, sell the real property of Beverly YY. in order to satisfy liens against it. He also sought approval of his request for fees and disbursements. Petitioner opposed the motion and cross-moved for, among other things, the removal of Miller and the Commissioner as guardians. In two orders, Supreme Court granted Miller's motion and denied petitioner's cross-motion, prompting these appeals.

Initially, we are unpersuaded by petitioner's contention that it was error, as a matter of law, for Supreme Court to deny without a hearing her cross motion pursuant to Mental Hygiene Law § 81.35 seeking removal of the guardians. In cases where a

petitioner seeking such relief fails to "come forward with some evidentiary proof in admissible form to substantiate the[ ] conclusory allegations of . . . misconduct[,] . . . no hearing [is] required" (*Matter of Arnold O.*, 226 AD2d 866, 869 [1996], *lv denied* 88 NY2d 810 [1996]; *see Matter of Mary Alice C.*, 56 AD3d 467, 468 [2008]). Upon our review of the record herein, we conclude that a hearing was not required and Supreme Court appropriately denied the cross motion.

Specifically, with respect to Miller, petitioner alleged in broad conclusory terms that he should be removed as guardian because he neglected to heat Beverly YY.'s house, causing the pipes to burst resulting in water damage. She also claimed that his guardianship of the property was improper because of conflicts of interest relating to one of the clients in his law practice and, in addition, the hiring of his wife to perform bookkeeping services for Beverly YY. rather than doing them himself. In response to the allegations concerning the house, Miller produced utility bills and an affidavit from the plumber who repaired the pipes. These documents confirmed that the building had been heated and the flooding was caused by a faulty valve on the boiler. As for the conflict of interest allegations, petitioner only alleges that Miller represents a hospital that her aunt once had a complaint about several years before Miller's guardianship. According to Miller's affidavit, he had no knowledge of any complaint involving Beverly YY. and this hospital, and petitioner does not state that any claim was pursued. Miller also avers that while his wife does work as his law firm's in-house accountant, he purposely chose her to handle Beverly YY.'s books so that only a fee of $30 per hour would be charged, rather than his significantly higher hourly rate. Inasmuch as petitioner provides no evidentiary support for her conclusory allegations against Miller and, instead, the record reveals substantial expenditures of time and effort by Miller in fulfilling his duties, we find no basis to disturb Supreme Court's denial of petitioner's cross motion to remove him as property guardian.

We are similarly unpersuaded with respect to petitioner's allegations that the Commissioner failed to exercise suitable care as guardian of Beverly YY.'s person principally because she fell twice at her nursing home. The fact that a nursing home patient has fallen does not, without more, establish neglect on the part of a guardian. Significantly, petitioner provides no evidentiary basis to support these conclusory allegations of fault (*compare DeCarlo v Eden Park Health Servs., Inc.*, 66 AD3d 1211, 1213 [2009]). Accordingly, we find no error in Supreme Court's denial of petitioner's request to remove the Commissioner as Beverly YY.'s guardian of her person.

We have examined petitioner's remaining arguments, including her contention that Supreme Court improperly granted Miller's motion seeking permission to, among other things, sell Beverly YY.'s home and use the sale proceeds to pay outstanding liens and fees, and find them to be lacking in merit.

Peters, Spain and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.