# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**644**

**CA 13-02156**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

CHRISTINA CLAYPOOLE AND JOSEPH CLAYPOOLE,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TWIN CITY AMBULANCE CORP., DEFENDANT-APPELLANT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (REGINA A. DELVECCHIO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

CHRISTOPHER A. PRIVATEER, LOCKPORT, FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 13, 2013 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendant's employees were negligent in transporting Christina Claypoole (plaintiff) by ambulance from her home to the hospital, causing her to sustain a hip fracture. Defendant moved for summary judgment dismissing the complaint, contending that it was not negligent and that there was no proof to establish that plaintiff sustained any injury or harm while she was in defendant's care. Supreme Court denied the motion, and defendant now appeals.

Defendant contends that it established that it was not negligent and that the doctrine of res ipsa loquitur is not available as a means for plaintiffs to establish negligence. We reject that contention. Defendant's own submissions establish the applicability of the res ipsa loquitur doctrine and thus raise triable issues of fact concerning defendant's negligence (*see generally Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Backus v Kaleida Health*, 91 AD3d 1284, 1285). In order for a plaintiff to rely on the doctrine of res ipsa loquitur, three core elements must be present: "[f]irst, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Kambat*, 89 NY2d at 494).

In support of its motion, defendant submitted evidence that, while plaintiff was unconscious and in the exclusive custody of defendant, she sustained a hip fracture. Although defendant submitted an affidavit from an expert who opined that there was no evidence that defendant deviated from the standard of care, and defendant's attorney contended that plaintiff's injury occurred during the seizure that resulted in the need for defendant's services, the evidence submitted by defendant also established "that the likelihood of other possible causes of the injury '[are] so reduced that the greater probability lies at defendant's door' " (*id.* at 495; *see DeCarlo v Eden Park Health Servs., Inc.*, 66 AD3d 1211, 1212-1213; *Roman v Board of Educ. of City of N.Y.*, 9 AD3d 305, 307). Defendant submitted plaintiff's deposition testimony in which she stated that she did not have any pain in her hip before she suffered the seizure. Plaintiff briefly regained consciousness after the seizure but before being placed in the ambulance. At that time, she still did not have any pain in her hip. It was not until plaintiff regained consciousness for a second time inside the ambulance that she felt pain in her hip and felt one of the ambulance workers pressing on her hip. Upon her arrival at the hospital, the pain in her hip continued, and radiographs of her hip established that she had sustained a fracture to her hip. In our view, that evidence establishes the applicability of res ipsa loquitur and, as a result, raises triable issues of fact concerning defendant's negligence (*see States v Lourdes Hosp.*, 100 NY2d 208, 210-213, *rearg denied* 100 NY2d 577; *Backus*, 91 AD3d at 1285-1286; *DeCarlo*, 66 AD3d 1212-1213; *Ceresa v Karakousis*, 210 AD2d 884, 884-885).

Although defendant further contends that plaintiffs cannot establish that defendant's actions were a proximate cause of plaintiff's injury, a defendant seeking summary judgment "must affirmatively establish the merits of its . . . defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see New York Mun. Ins. Reciprocal v Casella Constr., Inc.*, 105 AD3d 1440, 1441). We thus conclude that defendant's motion for summary judgment dismissing the complaint was properly denied.

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court