Egan Jr., J.
Appeal from an order of the Supreme Court (Kramer, J.), entered December 6, 2013 in Schenectady County, which denied defendant’s motion for summary judgment dismissing the complaint.
On the morning of October 1, 2009, plaintiff Judith A. Weeks *1160 presented at defendant’s ambulatory surgery center for a endoscopic ultrasound. In conjunction therewith, one of defendant’s registered nurses — later identified as Dorothy Nagle— was tasked with starting an intravenous (hereinafter IV) line on Weeks prior to the scheduled procedure. According to Weeks, Nagle first attempted to insert the 22-gauge angio catheter into Weeks’ right wrist; Weeks experienced immediate pain, in response to which Nagle allegedly exclaimed, “Oops. I slipped. ... I haven’t done that in 20 years.” After leaving Weeks’ bedside, Nagle returned — “visibly . . . sweating and upset” — with someone who Weeks believed to be a supervisor and successfully inserted the IV line into the antecubital space, i.e., the inside of the elbow, on Weeks’ right arm. Following the failed IV insertion, Weeks experienced pain, swelling, bruising and, eventually, a loss of strength in her right wrist. According to Weeks’ treating orthopedist, this condition most likely was the result of an “irritation of the superficial radial nerve.”
Weeks and her husband, derivatively, thereafter commenced this medical malpractice and negligence action against defendant seeking to recover for the damages allegedly sustained as the result of the failed IV attempt. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant’s motion, finding questions of fact as to, among other things, the manner in which Weeks’ injury occurred and the issue of causation. This appeal by defendant ensued.
We affirm. As the party seeking summary judgment, defendant bore the initial burden of establishing either that it did not deviate from accepted standards of practice with respect to its treatment of Weeks or, if it did so, that such deviation did not result in injury (see Howard v Stanger, 122 AD3d 1121, 1124 [2014], lv dismissed 24 NY3d 1210 [2015]; Rivera v Albany Med. Ctr. Hosp., 119 AD3d 1135, 1137 [2014]; Cole v Champlain Val. Physicians’ Hosp. Med. Ctr., 116 AD3d 1283, 1285 [2014]). To that end, defendant tendered, among other things, an affidavit from Nagle, wherein she opined “to a reasonable degree of nursing certainty that the IV insertion was properly performed in all respects” and that she “complied with all of [defendant’s] protocols and procedures” in effect at that time. While it is true that an affidavit from a medical provider “describing the facts in specific detail and opining that the care provided did not deviate from the applicable standard of care may be sufficient to discharge the moving party’s initial burden on a motion for summary judgment” (Howard v Stanger, 122 AD3d at 1124 [internal quotation marks and citation omitted]; *1161 see Rivera v Albany Med. Ctr. Hosp., 119 AD3d at 1137), Nagle’s affidavit and corresponding testimony is undercut by the fact that she admittedly has no independent recollection of either Weeks or the IV insertion at issue. Additionally, defendant’s moving papers included the examination before trial testimony offered by Weeks and her husband, which reveals a factual dispute as to the manner in which Weeks’ injury allegedly was sustained.
In this regard, plaintiffs each testified — without express contradiction — that the nurse in question, i.e., Nagle, first attempted to insert the IV line into Weeks’ right wrist, causing immediate pain. According to plaintiffs, it was not until Nagle returned with someone who they believed to be a supervisor that the IV line successfully was inserted into the antecubital space in Weeks’ right arm. At her examination before trial, Nagle conceded — based upon Weeks’ hospital records — that she inserted the IV line into the antecubital space in Weeks’ right arm but, as noted previously, Nagle could not recall performing this procedure. As to the initial failed IV attempt, Nagle did not expressly dispute that this occurred, stating instead that had she encountered difficulty in starting an IV line on Weeks, she would have made a notation to that effect in Weeks’ chart. As no such notation appears, the argument continues, the failed attempt must not have occurred. In short, plaintiffs allege that Weeks sustained injury based upon Nagle’s failed attempt to start an IV line in Weeks’ right wrist, while Nagle contends — based upon the absence of documentation in Weeks’ chart — that this initial and failed IV insertion never took place. Given this factual dispute, the resolution of which necessarily hinges upon the credibility of plaintiffs and Nagle, we find that defendants did not meet their initial burden and, therefore, are not entitled to summary judgment dismissing the complaint (see generally Hope v Holiday Mtn. Corp., 123 AD3d 1274, 1275-1276 [2014]; Ortman v Logsdon, 121 AD3d 1388, 1390 [2014]). Moreover, even if we were to find that defendant’s proof was sufficient to shift the burden to plaintiffs, we also would conclude that the affidavit offered by plaintiffs’ nursing expert was sufficient to raise a question of fact as to, among other things, causation. Accordingly, for all of these reasons, defendant’s motion was properly denied.
As a final matter, we reject defendant’s assertion that plaintiffs should be precluded — at this juncture — from relying upon the doctrine of res ipsa loquitur. While the proof adduced at trial ultimately may be insufficient to establish the required elements of res ipsa loquitur (see e.g. DeCarlo v Eden Park *1162 Health Servs., Inc., 66 AD3d 1211, 1212 [2009]), thereby rendering the submission of such a charge to the jury unwarranted (see Bin Xin Tan v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 294 AD2d 122, 123 [2002]; Schoch v Dougherty, 122 AD2d 467, 468-469 [1986], lv denied 69 NY2d 605 [1987]), there is no blanket prohibition upon invoking this doctrine in the context of a medical malpractice action (see Kambat v St. Francis Hosp., 89 NY2d 489, 496-497 [1997]; Frank v Smith, 127 AD3d 1301, 1301-1302 [2015]; Cole v Champlain Val. Physicians’ Hosp. Med. Ctr., 116 AD3d at 1286). Defendant’s remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, J.P., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, with costs.