■ EUGENE CRITELLI, Respondent, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Defendants, and METROPOLITAN SURGICAL GROUP, P. C., et al., Appellants.—In a negligence and medical malpractice action to recover damages for personal injuries, defendants Metropolitan Surgical Group, P. C. and Leonard C. Burson appeal from an order of the Supreme Court, Queens County (Le Vine, J.), dated December 10, 1984, which denied their motion for summary judgment dismissing the complaint as against them.

Order affirmed, with costs.

Appellant Leonard Burson, practicing "by and through" appellant Metropolitan Surgical Group, P. C., has failed to negate, as a matter of law, the inference of negligence that may be drawn as a result of his failure to observe and remove a laparotomy pad, measuring 100 to 144 square inches, which he had placed in the plaintiff's abdomen during surgery *(see, Benson v Dean,* 232 NY 52, 56; *Blackburn v Baker,* 227 App Div 588). Appellant physician's pretrial deposition arguably raises triable issues of fact with respect to the issue of liability *(cf. Freeman v Easy Glider Roller Rink,* 114 AD2d 436). Under these circumstances, appellants' motion for summary judgment was properly denied, despite the fact that plaintiff did not submit an affidavit of a medical expert *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Gibbons, J. P., Bracken, Brown and Lawrence, JJ., concur.