■ GERALD F. DELANEY et al., Appellants, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER et al., Respondents. (And a Third-Party Action.) [648 NYS2d 761] —Yesawich Jr., J. Appeals from three judgments of the Supreme Court (Dawson, J.), entered August 4, 1995, August 24, 1995 and August 31, 1995 in Clinton County, upon a dismissal of the complaint at the close of plaintiffs' case.

On February 13, 1992, plaintiff Gerald F. Delaney (hereinafter plaintiff) underwent an abdominal perineal resection at defendant Champlain Valley Physicians Hospital Medical Center (hereinafter the hospital). In the course of the surgery, six to eight feet of surgical gauze packing was placed into the perineal wound to aid in the healing process. A "tail" of gauze a few inches long was left protruding from the incision, so that approximately 4 to 6 inches of the packing could be removed each day postoperatively, as plaintiff's surgeon, defendant Driss Hassam, had ordered. Hassam performed this daily procedure himself until he left for vacation six days after the operation, at which time he turned plaintiff's care over to defendant Bijoy B. Sarmaroy. The latter relied on the nursing staff of the hospital to extract the packing in accordance with Hassam's orders.

On the morning of February 22, 1992, Sarmaroy examined

plaintiff's incision and, finding no packing "tail" present, concluded that the remainder of the packing had either been removed or had fallen out. Plaintiff was discharged from the hospital the following day and was seen by Sarmaroy at his office on February 27, 1992, at which time no unusual findings were noted. A week later, plaintiff was examined by Hassam, who also found nothing out of the ordinary. Because plaintiff was becoming weaker and losing weight, however, on March 16, 1992 Hassam ordered X rays to determine whether any packing material remained in the wound area; they revealed nothing. Then, on March 22, 1992, plaintiff contacted Hassam after observing several inches of packing protruding from his perineal incision. Although Hassam was able to extract most of the remaining packing at his office, some had adhered to tissue inside the wound, requiring minor surgery to facilitate its removal.

In this medical malpractice action, plaintiff and his wife, derivatively, seek to recover for injuries plaintiffs allegedly suffered as a result of defendants' negligence in failing to properly and timely remove the packing from his surgical wound. At the close of plaintiffs' case, during which they offered no expert testimony (choosing instead to rely on the doctrine of res ipsa loquitur to establish a prima facie case), Supreme Court granted defendants' motions to dismiss the complaint. A judgment was entered in favor of each defendant and plaintiffs appeal.

We affirm. In a medical malpractice action, the theory of res ipsa loquitur permits an inference of negligence to be drawn by the fact finder from the very circumstances of the occurrence, despite the absence of expert testimony regarding the proper standards of practice (*see*, *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589, 590, *lv denied* 72 NY2d 808), as, for example, when a foreign object—such as a surgical instrument or the like—is unintentionally left inside a patient's body after surgery (*see*, *Critelli v Long Is. Jewish-Hillside Med. Ctr.*, 115 AD2d 632; *Gravitt v Newman*, 114 AD2d 1000, 1000-1001; *cf.*, *Pipers v Rosenow*, 39 AD2d 240, 243).

Although plaintiffs maintain that this is a case where defendants failed to remove a foreign object following surgery, that is not what occurred here. The packing—which plaintiffs contend was, or was transformed into, a "foreign object"—was purposefully left in plaintiff's incision after the operation to serve a continuing treatment function. Plaintiffs do not contend that defendants erred in leaving the packing in the

wound in the first instance; rather, the wrongdoing complained of is premised upon purported deficiencies in defendants' subsequent treatment of plaintiff, namely, not leaving a sufficient "tail" on the packing to prevent its retraction into the body and failing to discover that the packing had not been entirely removed, errors essentially akin to misdiagnoses (*cf.*, *Rockefeller v Moront*, 81 NY2d 560, 565; *Rodriguez v Manhattan Med. Group*, 77 NY2d 217, 223). To find that negligence occurred in this instance necessitates an evaluation of whether defendants' diagnostic methods and treatment procedures "were consistent with contemporary professional standards of care" (*Rodriguez v Manhattan Med. Group*, *supra*, at 223), an assessment laymen are unequipped to make without the assistance of expert guidance as to the level of medical care that defendants were required to furnish (*see*, *Quigley v Jabbur*, 124 AD2d 398, 399). There being no proof of this nature, Supreme Court properly found that plaintiffs did not meet their burden of demonstrating negligence on the part of any defendant.

Nor are we persuaded that a new trial should be had, for there is no indication that plaintiffs' decision to refrain from presenting any expert testimony, and to instead rely solely on the doctrine of res ipsa loquitur, was other than a calculated one. In these circumstances, affording them a second opportunity to prove their case cannot be justified (*see*, *Shafer v Iemma*, 184 AD2d 839).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgments are affirmed, with costs.