■ DAVID ANDERSON, IV, Appellant, v TERESA M. ANDERSON, Respondent. [773 NYS2d 921]—

Appeal from an amended order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered June 6, 2002. The amended order determined certain issues, after a hearing, including maintenance and child support upon remittal from this Court.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by vacating that part determining that plaintiff is liable for the carrying charges on the marital residence from July 1, 2000

until October 2001 when it was sold and as modified the amended order is affirmed without costs.

Memorandum: Plaintiff appeals from an amended order entered after a hearing before Supreme Court on certain issues upon remittal from this Court, including which party is responsible for payment of the carrying charges on the marital residence (*Anderson v Anderson,* 286 AD2d 967 [2001]). Pursuant to a postjudgment motion made during the pendency of the appeal, however, a justice of the court who had not previously been involved in the case, and who did not conduct the hearing upon remittal, ordered defendant to pay the carrying charges on the marital residence because she was awarded exclusive possession of the residence. Shortly thereafter, foreclosure proceedings were commenced, resulting in the sale of the marital residence. Although the court conducting the hearing on remittal acknowledged the existence of the order requiring defendant to pay the carrying charges, it determined that plaintiff is responsible for the carrying charges on the ground that he had failed to pay court-ordered child support and maintenance. That was error. "Where, as here, an issue has been judicially determined, the law of the case doctrine precludes reconsideration thereof in the course of the same litigation" (*Gould v International Paper Co.,* 223 AD2d 964, 965 [1996], *lv denied* 88 NY2d 808 [1996]; *see Wright v Rite Aid of NY* [appeal No. 2], 288 AD2d 834, 835 [2001]). We therefore modify the amended order by vacating that part determining that plaintiff is liable for the carrying charges on the marital residence from July 1, 2000 until October 2001 when it was sold in the foreclosure action. We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.