■ In the Matter of JONATHAN M., Respondent. ERIE COUNTY ATTORNEY, Appellant. (Appeal No. 1.) [877 NYS2d 575]—

Appeal from an order of the Family Court, Erie County (Paul

G. Buchanan, J.), entered January 9, 2008 in a proceeding pursuant to Family Court Act article 3. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from four juvenile delinquency petitions pursuant to Family Court Act article 3 alleging, inter alia, that respondents committed acts that, if committed by adults, would constitute the crime of assault in the third degree (Penal Law § 120.00 [1], [2]). Two respondents moved to dismiss the respective petitions against them, and the two remaining respondents joined in those motions. Family Court denied those parts of the motions with respect to the charge of assault in the third degree. New petitions were later filed against two respondents also alleging, inter alia, that they committed acts that, if committed by adults, would constitute the crime of assault in the third degree. After the matter was assigned to a different Family Court judge, one respondent orally moved for leave to renew his motion to dismiss with respect to the assault charge, and the remaining respondents joined in the motion. The court granted leave to renew and, upon renewal, granted the motions based on the legal insufficiency of the allegations with respect to that crime.

We agree with petitioner that the court violated the doctrine of law of the case in dismissing the petitions. That doctrine "is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975], *rearg denied* 37 NY2d 817 [1975]). Thus, " 'a Judge may not review or overrule an order of another Judge of co-ordinate jurisdiction in the same action or proceeding' " (*Matter of Cellamare v Lakeman*, 36 AD3d 905, 905 [2007], *appeal dismissed* 8 NY3d 975 [2007]; *see Anderson v Anderson*, 5 AD3d 1105 [2004]), as was done in these proceedings. Nevertheless, this Court is not bound by the doctrine of law of the case because that doctrine "does not prohibit appellate review of a subordinate court's order" (*Frankel v Frankel*, 158 AD2d 750, 751 [1990]; *see Cellamare*, 36 AD3d at 906; *Latture v Smith*, 304 AD3d 534 [2003]), and we affirm the orders on appeal upon our review of the sufficiency of the petitions pursuant to Family Court Act § 311.2.

The failure to comply with Family Court Act § 311.2 is a "nonwaivable jurisdictional defect that can be raised at any stage of the proceeding[s]" (*Matter of Neftali D.*, 85 NY2d 631,

637 [1995]; *see Matter of Wesley M.*, 83 NY2d 898, 899 [1994]; *Matter of Rodney J.*, 83 NY2d 503, 507 [1994]). Family Court Act § 311.2 (3) provides in relevant part that "a petition is sufficient on its face when . . . non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." Assault in the third degree as charged in the petitions requires the infliction of physical injury (*see* Penal Law § 120.00 [1], [2]), and physical injury is defined as "impairment of physical condition or substantial pain" (§ 10.00 [9]). Here, petitioner failed to submit the requisite nonhearsay allegations that respondents inflicted physical injury inasmuch as the petitions and supporting documents do not contain nonhearsay allegations that either victim sustained substantial pain or impairment of physical condition. The petitions therefore were properly dismissed on the ground that they are defective (*see* Family Ct Act § 315.1 [1] [a]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.