637 [1995]; *see Matter of Wesley M.*, 83 NY2d 898, 899 [1994]; *Matter of Rodney J.*, 83 NY2d 503, 507 [1994]). Family Court Act § 311.2 (3) provides in relevant part that "a petition is sufficient on its face when . . . non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." Assault in the third degree as charged in the petitions requires the infliction of physical injury (*see* Penal Law § 120.00 [1], [2]), and physical injury is defined as "impairment of physical condition or substantial pain" (§ 10.00 [9]). Here, petitioner failed to submit the requisite nonhearsay allegations that respondents inflicted physical injury inasmuch as the petitions and supporting documents do not contain nonhearsay allegations that either victim sustained substantial pain or impairment of physical condition. The petitions therefore were properly dismissed on the ground that they are defective (*see* Family Ct Act § 315.1 [1] [a]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of JOSHUA M., Respondent. ERIE COUNTY ATTORNEY, Appellant. (Appeal No. 2.) [877 NYS2d 714]—Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered January 9, 2008 in a proceeding pursuant to Family Court Act article 3. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Jonathan M.* (61 AD3d 1374 [2009]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of CONNOR C., Respondent. ERIE COUNTY ATTORNEY, Appellant. (Appeal No. 3.) [876 NYS2d 920]—Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered March 12, 2008 in a proceeding pursuant to Family Court Act article 3. The order, insofar as appealed from, dismissed the charge of assault in the third degree.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Jonathan M.* (61 AD3d 1374 [2009]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of VINCENT D., Respondent. ERIE COUNTY ATTORNEY, Appellant. (Appeal No. 4) [876 NYS2d 920]—Appeal from an order of the Family Court, Erie County (Paul G.

Buchanan, J.), entered March 12, 2008 in a proceeding pursuant to Family Court Act article 3. The order, insofar as appealed from, dismissed the charge of assault in the third degree.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Jonathan M.* (61 AD3d 1374 [2009]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ KARLA R. GREEN, Appellant, v PASSENGER BUS CORPORATION et al., Defendants, and GREYHOUND LINES, INC., et al., Respondents. (Appeal No. 1.) [876 NYS2d 921]—Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 3, 2007 in a personal injury action. The order denied the motion of plaintiff for leave to amend the complaint to add claims for punitive damages against defendants Greyhound Lines, Inc. and Allen Simmons.

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ KARLA R. GREEN, Appellant, v PASSENGER BUS CORPORATION et al., Respondents. (Appeal No. 2.) [877 NYS2d 577]—

Appeal from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 22, 2008 in a personal injury action. The judgment awarded costs and disbursements to defendants upon a verdict of no cause of action.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the bus on which she was a passenger collided with a concrete barrier. Following a trial, the jury returned a verdict in favor of defendants. We conclude that Supreme Court properly denied plaintiff's pretrial motion for leave to amend the complaint to include claims for punitive damages against defendant Allen Simmons and his employer, defendant Greyhound Lines, Inc. (Greyhound). "Generally, [l]eave to amend a pleading should be freely granted in