■ ARTHUR L. DOLAWAY et al., Appellants, v UROLOGY ASSOCIATES OF NORTHEASTERN NEW YORK, P.C., et al., Respondents. [897 NYS2d 776]—

Rose, J. Appeal from an order of the Supreme Court (Muller, J.), entered March 9, 2009 in Essex County, which granted defendants' motion to preclude plaintiffs from presenting certain expert testimony and dismissed the complaint.

When plaintiff Arthur L. Dolaway (hereinafter plaintiff) underwent endoscopic surgery to remove a kidney stone, two broken pieces of guide-wire sheathing were left in his ureter. Alleging that plaintiff was injured as a result of defendant surgeon's failure to, among other things, remove all of the sheathing at the conclusion of the surgery, plaintiffs commenced this medical malpractice action. Defendants later moved for summary judgment dismissing the complaint, and Supreme Court (Dawson, J.) denied the motion, noting the undisputed fact that foreign objects had been left in plaintiff's body. Citing *Kambat v St. Francis Hosp.* (89 NY2d 489 [1997]), the court determined that plaintiffs—who had no expert witness—could rely on the doctrine of res ipsa loquitur and, therefore, the opinion of defendants' expert that leaving the sheathing in plaintiff's ureter was not a deviation from the standard of care served only to raise a question of fact. When the parties appeared for trial, however, Supreme Court (Muller, J.) entertained defendants' motion in limine and held that plaintiffs' claim could not succeed in the absence of expert evidence rebutting the opinion of defendants' expert as to the standard of care. Supreme Court also found res ipsa loquitur to be inapplicable and dismissed the complaint. Plaintiffs now appeal.

We find merit in plaintiffs' argument that Supreme Court (Muller, J.) erred in concluding that the evidentiary doctrine of res ipsa loquitur was inapplicable. Inasmuch as Supreme Court (Dawson, J.) had previously determined that res ipsa loquitur was available to plaintiffs and no appeal was taken from that legal determination, the doctrine of law of the case should have been applied to give it preclusive effect at the time of trial (*see Briggs v Chapman*, 53 AD3d 900, 902 [2008]; *Anderson v Anderson*, 5 AD3d 1105, 1106 [2004]; *Brown v State of New York*, 250 AD2d 314, 320 [1998]; 28 NY Jur 2d Courts and Judges § 236). In addition, under the circumstances here, expert testimony is not necessary to enable the jury to conclude that, more likely than not, the resulting injury was caused by the surgeon's negligence (*see Kambat v St. Francis Hosp.*, 89 NY2d at 497; *LaPietra v Clinical & Interventional Cardiology Assoc.*, 6 AD3d 1073, 1074-1075 [2004]; *Escobar v Allen*, 5 AD3d 242, 243 [2004]; *Delaney v Champlain Val. Physicians Hosp. Med. Ctr.*, 232 AD2d 840, 841 [1996]). Nor did defendants' proffer of

expert evidence tending to rebut that conclusion "disqualify this case from consideration under res ipsa loquitur" (*Kambat v St. Francis Hosp.*, 89 NY2d at 497). Rather, at trial, it would "merely raise[ ] alternative inferences to be evaluated by the jury in determining liability" (*id.* at 497).

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.