[15 NE3d 1175, 992 NYS2d 166]

In the Matter of Antwaine T., a Person Alleged to be a Juvenile Delinquent, Respondent. Presentment Agency, Appellant.

Argued May 8, 2014; decided June 5, 2014

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel*, New York City (*Dona B. Morris, Pamela Seider Dolgow* and *Jeffrey D. Friedlander* of counsel), for appellant. The petition was sufficient to establish the elements of unlawful possession of a dangerous weapon by persons under sixteen (Penal Law § 265.05) because a machete with a 14-inch blade is inherently a dangerous knife. (*Matter of Jahron S.*, 79 NY2d 632; *Matter of Jamie D.*, 59 NY2d 589; *People v Campos*, 93 AD3d 581; *Ash v Reilly*, 433 F Supp 2d 37; *United States v Massey*, 461 F3d 177; *United States v Introcaso*, 506 F3d 260; *United States v Masciandaro*, 638 F3d 458; *United States v Burling*, 420 F3d 745; *Matter of Ricci S.*, 34 NY2d 775; *Matter of Edwin O.*, 91 AD3d 654.)

*Steven Banks, The Legal Aid Society*, New York City (*John A. Newbery, Tamara Steckler* and *Briana Fedele* of counsel), for respondent. Where this Court in *Matter of Jamie D.* (59 NY2d 589 [1983]), required the prosecution, in order to make out a charge

brought under Penal Law § 265.05 for possession of a "dangerous knife," to show that a utilitarian knife either had been modified so as to convert it into a weapon or that the circumstances of its possession were such as to indicate that it was possessed as a weapon, the Appellate Division correctly held that an allegation that respondent simply possessed an unmodified knife with a 14-inch blade, summarily described as a "machete," was, without more, facially insufficient to show that the knife was a "dangerous knife" within the meaning of the statute. (*Matter of Jahron S.*, 79 NY2d 632; *Matter of Michael M.*, 3 NY3d 441; *Matter of Neftali D.*, 85 NY2d 631; *Matter of Rodney J.*, 83 NY2d 503; *Matter of Detrece H.*, 78 NY2d 107; *Matter of David T.*, 75 NY2d 927; *People v Thomas*, 4 NY3d 143; *People v Casey*, 95 NY2d 354; *People v Alejandro*, 70 NY2d 133; *People v Almodovar*, 62 NY2d 126.)

### OPINION OF THE COURT

PIGOTT, J.

The issue in this juvenile delinquency proceeding is whether the petition was facially sufficient to charge respondent Antwaine T. with a violation of Penal Law § 265.05, which proscribes a juvenile's possession of "any dangerous knife." We conclude that the petition was facially sufficient.

On November 23, 2010, a petition was filed in Family Court against respondent, then 15 years old, charging him with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) and unlawful possession of weapons by persons under sixteen (Penal Law § 265.05). The two counts of the petition were supported by a sworn statement of the arresting officer. In the statement, the officer recounted that at approximately 11:23 p.m. in Brooklyn, respondent,

> "a person under the age of [16], possessed a dangerous instrument or deadly . . . weapon, to wit: a machete, with the intent to use the same unlawfully against another; in that:

> "At the above date, time and location, I was working in my official capacity as a police officer, when I recovered a machete from [respondent]. The blade of the machete was approximately 14 inches in length. I then vouchered the machete using New York Property Clerk Invoice Number R648888.

> "Later, [respondent's] mother informed me that [he] was born on January 30, 1995 and that he is 15

years old. The . . . mother also provided me with a photocopy of [respondent's] birth certificate, which confirmed this information."

Respondent initially entered a denial of the petition, but later withdrew that denial and made an admission to the count of unlawful possession of weapons by persons under sixteen. Specifically, he admitted that at the pertinent time and place, he was 15 years old and he "[was] in possession of a dangerous knife, and more specifically a machete that had a blade of approximately [14] inches." Family Court granted respondent an adjournment in contemplation of dismissal (ACD).

On June 3, 2011, the case was restored to the Family Court's calendar because respondent had not complied with the terms of his ACD. Family Court placed him under enhanced probation supervision for a period of nine months. Later, upon finding that respondent had violated the conditions of his probation, the court revoked the earlier order of disposition, adjudicated respondent a juvenile delinquent, and placed him on probation for six months.

On appeal, the Appellate Division found the petition facially insufficient "because it did not contain allegations which, if true, would have established that the knife he possessed was a 'dangerous knife' " pursuant to section 265.05 (105 AD3d 859, 860 [2d Dept 2013], citing *Matter of Neftali D.*, 85 NY2d 631, 635 [1995]). Rather, the arresting officer's account "merely described the unmodified, utilitarian knife which [respondent] possessed, and contained no allegations as to the 'circumstances of its possession' " (105 AD3d at 860, quoting *Matter of Jamie D.*, 59 NY2d 589, 593 [1983]). Thus, it held, there were insufficient allegations to permit a finding that, when respondent was arrested, the knife served as "a weapon rather than a utensil" (*id.*).

This Court granted the presentment agency leave to appeal and we now reverse.

A petition commencing a juvenile delinquency proceeding must contain "a plain and concise factual statement in each count which . . . asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]). The petition is sufficient on its face when

"nonhearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (*id.* § 311.2 [3]). The absence of factual allegations supporting each element of the crimes alleged constitutes a nonwaivable jurisdictional defect (*Matter of David T.,* 75 NY2d 927 [1990]).

Penal Law § 265.05 provides, in relevant part:

> "It shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, *or any dangerous knife*; provided that the possession of rifle or shotgun or ammunition therefor by the holder of a hunting license or permit issued pursuant to article eleven of the environmental conservation law and used in accordance with said law shall not be governed by this section" (emphasis added).

The statute does not define the term "dangerous knife." In *Matter of Jamie D.* (59 NY2d 589 [1983]), however, this Court held that the term, as used in the statute, "connotes a knife which may be characterized as a weapon" (*id.* at 592). We explained that certain knives may fall within the scope of the statute based solely on the knife's particular characteristics. For instance, "a bayonet, a stiletto, or a dagger" would come within the meaning of "dangerous knife" because those instruments are "primarily intended for use as a weapon" (*id.* at 592-593).

We also explained that other knives, which are designed and primarily intended for use as "utilitarian utensils," may also come within the statutory language in at least two ways (*id.* at 593). First, a knife may be converted into a weapon, and second, "the circumstances of its possession, although there has been no modification of the implement, may permit a finding that on the occasion of its possession it was essentially a weapon rather than a utensil" (*id.* at 593).

A "machete" is generally defined as "a large, heavy knife that is used for cutting plants and as a weapon" (Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/machete). While a machete has utilitarian purposes, under the circumstances of this case, it would be unreasonable

to infer from the statement supporting the petition that respondent was using the machete for cutting plants. Rather, the arresting officer's description of the "machete," with its 14-inch blade, being carried by respondent late at night on a street in Brooklyn, adequately states "circumstances of . . . possession" (*Jamie D.* at 593) that support the charge that defendant was carrying a weapon.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the order of Family Court reinstated.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, RIVERA and ABDUS-SALAAM concur.

Order reversed, without costs, and order of Family Court, Kings County, reinstated.