The People of the State of New York, Respondent,
against
Alexander Wang, Defendant-Appellant.



Defendant, as limited by his briefs, appeals from that portion of a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered October 27, 2017, convicting him, after a nonjury trial, of two counts of attempted criminal possession of a weapon in the fourth degree, and sentencing him, inter alia, to thirty days in jail.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered October 27, 2017, affirmed.
Shortly after the 2016 presidential election, defendant entered Trump Tower with a backpack containing a large knife, garrote, handcuffs, rope, flashlight, pocket knife and a powerful firecracker. Upon his arrest, a search of defendant's dormitory room and computer yielded 35 M-100 firecrackers, a small bomb or grenade, and videos of acts of extreme violence, including bombs dropping on soldiers and people being tied up and executed with guns and knives. 
The portion of the verdict convicting the defendant of two counts of attempted criminal possession of a weapon in the fourth degree (see Penal Law §§ 110.00/265.01[2]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The credited evidence established that the large knife, which had a nearly seven-inch blade and was characterized by a police officer then serving in the Army Reserve as a "bayonet knife" and a combat weapon, was a "dangerous knife" under the statute (see Matter of Antwaine T., 23 NY3d 512, 516 [2014]; Matter of Jamie D., 59 NY2d 589, 592-593 [1983]). The evidence also established that the garrote, which is used as a "strangulation device," was a "dangerous instrument" under the statute (Penal Law §§ 265.01[2], 10.00[13]; People v Carter, 53 NY2d 113, 116 [1981]). Defendant's possession of both items is presumptive evidence of his intent to use both unlawfully against another (see Penal Law § 265.15[4]), and the requisite intent was, in any event, inferable from defendant's conduct and the surrounding circumstances, including the presence of the other items in the backpack, particularly the "real" police-style handcuffs wrapped in tape to avoid detection, the M-100 firecracker and the rope (see People v Campos, 93 AD3d 581, 682 [2012], lv denied 19 NY3d 971 [2012]).
The court providently exercised its discretion in limiting the manner and extent of cross-examination of a police officer because the line of questioning sought to be asked by counsel was too remote and conjectural to have any legitimate influence in determining the facts at issue in this nonjury trial (see People v Aska, 91 NY2d 979, 981 [1998]; People v Davis, 43 NY2d 17, 27 [1977], cert denied 435 US 998, 438 US 914 [1978]). We perceive no basis for reducing the sentence given the serious nature of the charges and the potential jail sentence defendant was facing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 7, 2019