Matter of Cordei A.-G. (2023 NY Slip Op 00860)

Matter of Cordei A.-G.

2023 NY Slip Op 00860

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00401
 (Docket No. D-2180-20)

[*1]In the Matter of Cordei A.-G. (Anonymous), appellant. Gary E. Eisenberg, New City, NY, for appellant.

John M. Nonna, County Attorney, White Plains, NY (David H. Chen and Shawna C. MacLeod of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Cordei A.-G. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattarretico-Naber, J.), dated December 10, 2021. The order, insofar as appealed from, after a fact-finding hearing, found that Cordei A.-G. committed acts which, if committed by an adult, would have constituted the crimes of forcible touching and harassment in the first degree, and adjudicated him a juvenile delinquent.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The appellant's contention that the evidence was legally insufficient to establish that he committed acts which, if committed by an adult, would have constituted the crime of forcible touching (Penal Law § 130.52[1]) is unpreserved for appellate review (see Matter of Brandon S., 169 AD3d 1047). In any event, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792; Matter of Christian W., 90 AD3d 1062), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of forcible touching (see Matter of Traekwon I., 152 AD3d 431; Matter of Christian W., 90 AD3d 1062). Moreover, in fulfilling our responsibility to conduct an independent review of the record, we accord great deference to the opportunity of the factfinder to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ernest S.C., 196 AD3d 565). Upon our review of the record, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crime of forcible touching, was not against the weight of the evidence.
The appellant's remaining contentions are without merit.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court