Matter of Yacere D. (2023 NY Slip Op 03781)

Matter of Yacere D.

2023 NY Slip Op 03781

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-04278
 (Docket No. D-4284-22)

[*1]In the Matter of Yacere D. (Anonymous), appellant.

Raymond A. Tierney, District Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Jordan M. Freundlich, Lake Success, NY, for appellant.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Yacere D. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Fernando Camacho, J.), dated May 4, 2022. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, and upon an order of fact-finding of the same court dated May 4, 2022, found that Yacere D. committed acts which, if committed by an adult, would have constituted the crimes of manslaughter in the second degree, assault in the third degree, reckless endangerment in the second degree, and reckless driving, and adjudicated him a juvenile delinquent.
ORDERED that the order of fact-finding and disposition is modified, on the law, by deleting the provisions thereof finding that Yacere D. committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree and adjudicating him a juvenile delinquent based upon that finding, and substituting therefor a provision dismissing that count of the petition; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements, and the order of fact-finding of the same court dated May 4, 2022, is modified accordingly.
The appellant correctly contends that count 5 of the petition, which alleged that he committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, was jurisdictionally defective. "A juvenile delinquency proceeding is originated in the Family Court by the filing of a petition" (Matter of Jonathan F., 177 AD3d 736, 737; see Family Ct Act § 310.1[1]; Matter of Michael M., 3 NY3d 441, 445). "For a juvenile delinquency petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof" (Matter of Nelson D.-C., 183 AD3d 728, 729; see Family Ct Act § 311.2[3]; Matter of Antwaine T., 23 NY3d 512, 515-516). Such allegations must be set forth in the petition or the supporting depositions (see Family Ct Act § 311.2[3]; Matter of Dennis P.-A., 170 AD3d 727, 729). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count" (Matter of Jonathan F., 177 AD3d at 737 [internal quotation marks omitted]; see Matter of Antwaine T., 23 NY3d at 516). Here, neither the petition nor the supporting depositions provided sworn, nonhearsay allegations as to a physical injury [*2]sustained by the complainant named in count 5 (see Penal Law § 120.00[2]; see Matter of Jonathan M., 61 AD3d 1374, 1376; Matter of David I., 258 AD2d 805, 806). Accordingly, that count was jurisdictionally defective and must be dismissed (see Matter of Ricki I., 157 AD3d 792, 793; Matter of Diamond J., 134 AD3d 1117, 1119).
Contrary to the appellant's contention, viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793; Matter of Cordei A.-G., 213 AD3d 841, 841), we find that it was legally sufficient to establish, beyond a reasonable doubt, that he acted recklessly (see Penal Law §§ 15.05[3]; 120.20, 125.15[1]; People v Asaro, 21 NY3d 677, 683-685), and that he operated a motor vehicle in a manner which unreasonably interfered with the free and proper use of a public highway, or unreasonably endangered users of the public highway (see Vehicle and Traffic Law § 1212; People v McGrantham, 12 NY3d 892, 894; People v Olsen, 124 AD3d 1084, 1086). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ernest S.C., 196 AD3d 565, 566). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of manslaughter in the second degree, reckless endangerment in the second degree, and reckless driving was not against the weight of the evidence.
The appellant's remaining contention need not be reached in light of our determination.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court